PRICE, Judge.
This is an appeal by the father of an illegitimate five-year-old child from the judgment ordering him to pay alimony of $275 per month for support of the child. Appellant admits he is the natural father and has an obligation of support to the child, but questions the amount awarded by the trial court and the criteria used by the court in fixing the award. We find no error and affirm the judgment.
Appellant contends the trial court improperly considered his means and standard *905 of living in computing the amount of alimony awarded because alimony for an illegitimate child is based solely on the child’s needs and not the father’s ability to pay. Appellant also contends the court erred in not considering the mother’s obligation to equally pay for the child’s support. Appellant further contends the sum of $275 is excessive for the needs of the child on the evidence presented.
The sole authority for .appellant’s argument that his means should not be considered in the award of alimony to his illegitimate child is the statement without supporting authority in Rousseau v. Bartell, 224 La. 601, 70 So.2d 394 (1954), that “. . . alimony is not based on the means of the father to pay, but on the need of the illegitimate child, LSA C.C. Art. 240.- ” This statement does not appear to be in accord with the Civil Code provisions and is contrary to the action of the Supreme Court in McConkey v. Pinto, 305 So.2d 469 (La.1974) in which the court found paternity was established and remanded to the trial court to receive evidence on “the needs of the child and current income of the father for the fixing of support.”
La.C.C. Arts. 240 and 244 provide that mothers and fathers owe alimony to their illegitimate children who are in need. Art. 244 provides that “the other rules established respecting alimony to be granted to legitimate children take place likewise with respect to illegitimate children, except so far as they may be contrary to the foregoing provisions.” Art. 231 provides that “alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.”
These codal provisions clearly indicate it is appropriate to consider both the needs of the child and the ability of the father to pay.
The mother of the child is a thirty-four-year-old woman who works and earns approximately $400 per month. She estimated her total needs for the maintenance of herself and the child at approximately $800. The father of the child is a logging contractor whose gross receipts were in excess of $280,000 last year. After paying most of his personal living expenses from his gross, he nevertheless reflected a net income for income tax purposes in excess of $13,000. A substantial part of his expense ($100,000) was for depreciation on his equipment. During the nine-and-one-half-year period plaintiff lived with defendant, they resided in a large, comfortable brick home. She and the child now occupy a used mobile home furnished by defendant which is in a bad state of repair. Defendant has no other legal dependents. He presently lives with his new girl friend and her three children in the same residence formerly occupied with plaintiff.
Considering the needs of the child and the ability of both parents to contribute to his support, the trial court has not abused its discretion in awarding the sum of $275 per month.
The judgment is affirmed at appellant’s cost.