368 So.2d 175 (1979)
STATE of Louisiana in the Interest of Cheri POCHE, minor child of Carolyn Earlene Maggio, Mother
v.
David POCHE.
No. 9845.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1979.
Rehearing Denied March 14, 1979.
Writ Refused May 4, 1979.
Bettyanne L. Bussoff, New Orleans, for plaintiff-appellee.
Tonry, Mumphrey, D'Antonio & McDougall, Chalmette, Guy J. D'Antonio for defendant-appellant.
Before GULOTTA, BOUTALL and GARRISON, JJ.
GARRISON, Judge.
This case is brought by the State of Louisiana to prove paternity and to provide support for the minor child of Cheri Poche.
Carolyn Maggio, the child's mother, was married to Paul V. Deslatte on January *176 12, 1969. During the marriage the mother allegedly had sexual relations with appellant David Poche. Paul V. Deslatte obtained a divorce on November 21, 1972 on the grounds of living separately and apart for two years. Fifty-six days later Cherie Poche was born. The husband did not take any action to disavow paternity.
The trial judge found in favor of the State of Louisiana, holding that Poche was the child's biological father. Accordingly, it condemned him to pay monthly maintenance and support in its behalf. We affirm.
Although there is no jurisprudence directly on point with the facts presented here, there is a developing trend which appears to solve the problem.
The question of legitimacy or illegitimacy is not a concrete one. In Succession of Mitchell, 323 So.2d 451 (La.1975), the court held that children born of an adulterous union while the mother's husband was an absentee were subsequently legitimated by the marriage of the mother and biological father. The court reasoned that if the mother were married to someone else at the time of the conception the child is "technically as well as actually illegitimate issue of the first marriage . . .." Thus in the Mitchell case, the children were presumptively legitimate, yet "technically" and "actually" illegitimate and finally legitimated.[1]
The "legitimate" or "illegitimate" status of the child is not necessarily the central issue involved. Even if the child is the "legitimate" child of the mother's husband, it still may be entitled to support from her biological father. This was well settled in Warren v. Richard, 296 So.2d 813 (La.1974). There a child born during the existence of a marriageand therefore legitimatewas allowed to recover for the wrongful death of her biological father.
There the court allowed proof that the child was not that of the mother's husband. This consisted of the mother's testimony and the birth certificate. (In the instant case the proof is much stronger inasmuch as David Poche filed a malpractice case naming Cheri as his daughter; he acknowledged her in deposition and interrogatories; he attended her baptism; he made child support payments and he paid her medical bills and hospital expenses).
The court in Warren v. Richard, supra, relied on several U. S. Supreme Court holdings. Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), allowed the recovery by illegitimate children for the wrongful death of the parents. The Court substituted a biological classification for the legal classification of status. Again in Glona v. American Guarantee & Liability Insurance Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968) the Court emphasized the biological rather than the legal relationships. See also Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972); and Gomez v. Perez, 409 U.S. 535 at 538, 93 S.Ct. 872 at 875, 35 L.Ed.2d 56 at 60 (1973) which stated, "A State may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded [to] children generally."[2]
It was in reliance upon these U. S. Supreme Court decisions that the Louisiana Supreme Court determined in Warren v. Richard, supra, that it was not necessary to determine to which class of illegitimate filiation the child belonged. It sufficed to simply determine that the child was in fact *177 the biological child of the alleged father. The fact that the law considered the child to be the legitimate child of another will not alter the result and "cannot deprive her of a right which illegitimate children generally may have . . ." Warren v. Richard, supra, at 817.[3]
In Louisiana one of the rights of an illegitimate clearly is a claim for support. La.C.C. art. 240.
For the foregoing reasons the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] "Analogously, due to overlapping presumptions of legitimacy, a child may be presumed to be the child of two fathers, Civil Code Articles 184-192, 960, and inherit from both if not disavowed timely by either. Brouillette, Presumption of Legitimacy, 13 La.L.Rev. 587, 595-596 (1953). Likewise, an adoptive child may inherit from both his natural and his adoptive father. Article 214. Similarly, a man may simultaneously have the legal relationship of `husband' to two women, a legal wife and a putative wife, with the children of both considered his legitimate issue. Succession of Chavis, 211 La. 313, 29 So.2d 860 (1947); see also Cortes v. Fleming, 307 So.2d 611 (La.1974)." Succession of Mitchell, 323 So.2d 451 at 457, n. 6 (La.1975).
[2] This view has been re-emphasized in Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977).
[3] "As we understand the rationale of the decisions of the United States Supreme Court, it is the biological relationship and dependency which is determinative of the child's rights in these cases, and not the classification into which the child is placed by the statutory law of the State.

"The argument is made that this result will accord more rights to this child than are ordinarily accorded the legitimate childthat she will be able to recover for the death of Albert Gray, because the law deems her his legitimate offspring. However, this concept is not unique to our law. It is specifically provided that the adopted child, upon his adoption, is not divested of his right to inherit from his blood parents while at the same time he inherits from the adoptive parent. La. Civil Code art. 214.
"We are not unmindful of the problems a logical extension of these holdings may create, such as a child in these circumstances recovering from both fathers for support and maintenance, or, conversely, requiring the child to support both fathers in a proper case. La. Civil Code arts. 227, 229. But we are influenced in this decision by the constitutional principles announced by the United States Supreme Court to which we must adhere." 296 So.2d at 817.