407 So.2d 1327 (1981)
STATE of Louisiana, Through the DEPARTMENT OF HEALTH & HUMAN RESOURCES, In the Interest of Gretchen Guillory and Mark Guillory, Plaintiff-Appellant,
v.
Gregory J. GUILLORY, Defendant-Appellee.
No. 8558.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
*1328 Tony G. Sanders, Asst. Dist. Atty., Lake Charles, for plaintiff-appellant.
Migues & Leckband, Carl A. Leckband, Jr., Lake Charles, for defendant-appellee.
Before FORET, SWIFT and LABORDE, JJ.
SWIFT, Judge.
This suit was brought by the State of Louisiana against Gregory J. Guillory to prove paternity and to provide support for two minor children of Mrs. Charley Batiste Easton. The trial court ruled in favor of the defendant, concluding that LSA-R.S. 46:236.1(F)[1] did not authorize the state to bring a paternity action against the natural father of Gretchen Dawn Nichole Easton since the husband of her mother is conclusively presumed to be her father and that the evidence was not sufficient to establish the defendant was the biological father of Mark Anthony Easton. The state has appealed.
Charley Easton was married to Kenneth Easton on August 18, 1969, and they lived together until about May, 1972, when Mr. Eason was sent to Vietnam. In 1972 or 1973 Gregory Guillory moved in with Mrs. Easton and they cohabited as though man and wife. A child, Gretchen Easton, was born on January 1, 1974. In July, 1974, the defendant and Charley Easton parted and thereafter she had sexual relations with three other men. Mrs. Easton testified, however, that she and Guillory "were still seeing each other sexually" and they lived together occasionally. On September 17, 1974, Mr. Easton obtained a divorce on the ground of his wife's adultery. Mrs. Easton gave birth to Mark on March 20, 1975. Her former husband has not taken any action to *1329 disavow paternity of either Gretchen or Mark.
Mrs. Easton and her five children, including Gretchen and Mark, were certified to receive aid to families with dependent children in July, 1979. The family was still receiving such assistance at the time of trial.
The issues presented by this appeal are: 1) Whether LSA-R.S. 46:236.1 authorizes the State of Louisiana to bring a paternity suit against the alleged biological father when the husband of the mother is presumed to be the father; and 2) Whether the evidence established the defendant is the father of Gretchen and/or Mark.
In State in Interest of Poche v. Poche, 368 So.2d 175 (La.App. 4 Cir. 1979), writ denied, 370 So.2d 577 (La.1979), a similar action, the court affirmed a support judgment against the biological father even though Louisiana law presumed the child to be the legitimate child of her mother's husband. Citing Warren v. Richard, 296 So.2d 813 (La.1974), the court stated in Poche:
"The fact that the law considered the child to be the legitimate child of another will not alter the result and `cannot deprive her of a right which illegitimate children generally may have ...'"
We agree with the decision and conclude that LSA-R.S. 46:236.1(F) is applicable under such circumstance.
Additionally, the defendant argues that the plaintiff had no authority to bring the present action under the statute, because it is not in the best interest of Gretchen and also that Mr. Guillory is not the person primarily liable for her support. We disagree.
It is true the statute only authorizes such an action when it is in the best interest of the child. In this case Mrs. Easton and her family, including Gretchen, are receiving public assistance and they are obviously in necessitous circumstances. Kenneth Easton, Gretchen's presumed father, left the matrimonial domicile before Gretchen's birth and is thought to be living in California. He and her mother have been divorced over six years and he has never provided support for this child. On the other hand, Gregory Guillory testified in court that he is known to be her natural father. He has always treated Gretchen as his daughter. She was baptized as Gretchen Guillory in his presence and the certificate of baptism names the defendant as her father. Even after he ceased living with the mother in 1974, Guillory visited with Gretchen and Mark. All things considered, to conclude that the defendant is the biological father of Gretchen certainly would not be detrimental to her interests. On the contrary, we are convinced that this action to prove paternity and for support is in the best interests of both the child and the state.
The statute also provides that the action for support be brought against the person "primarily legally responsible" for the support of the child. Under Louisiana Civil Code Article 240 fathers and mothers owe alimony to their illegitimate children when they are in need. That our law considers a child to be the legitimate child of another, who is also obligated for support, does not alter the biological father's duty under Article 240. We conclude, as the court evidently did in Poche, that a natural father is within the ambit of primary responsibility for the support of his children. See State v. Manning, 390 So.2d 494 (La. 1980). Therefore, this action is proper under LSA-R.S. 46:236.1(F).
The trial judge made no finding as to filiation between Gretchen and Gregory Guillory in view of his interpretation of the statute. As mentioned heretofore, the mother testified that her husband was sent to Vietnam during her pregnancy with an older child and subsequently she began living with the defendant. Further testimony revealed that during the period of cohabitation with the defendant, she became pregnant and gave birth to Gretchen. She stated *1330 that she was only exposed to pregnancy by the defendant during this time. The defendant stated under oath that he was known as the father of Gretchen. He was listed as the father on Gretchen's certificate of baptism and attended this ceremony. We are satisfied the proof was adequate to establish that he was the biological father of this child.
As to the trial court's finding that the defendant was not the father of Mark Easton, we, of course, are not at liberty to disturb such a factual determination unless it was manifestly erroneous. Canter v. Koehring Co., 283 So.2d 716 (La.1973); and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The record reflects that Mark Easton was born on March 20, 1975. His mother testified she believed he was born a couple of weeks early and thought Mark was conceived in July, 1974. She admitted the defendant ceased living with her in the middle of July, 1974, and she then had sexual relations with two other men. Nevertheless, she believes the defendant is Mark's father.
The defendant testified that he ceased living and having sexual relations with Mrs. Easton in the middle of 1974, although he was unsure of the month. He also stated he believed another man to be the father of Mark. On the child's birth certificate the place for the father's name was left blank. The defendant did not attend Mark's baptism ceremonies.
Considering this evidence, we are unable to say that the trial court committed manifest error in finding that the evidence did not establish that Mark was conceived while the defendant was living with Mrs. Easton and that he is the defendant's child.
The State has proved that Gretchen is in need of support and she and her family is receiving state assistance. However, in order to determine the amount of the award, it is necessary to consider both the needs of the child and the ability of the father to pay. McConkey v. Pinto, 305 So.2d 469 (La.1974); and Smith v. Stamper, 357 So.2d 904 (La.App. 2 Cir. 1978).
The record contains some evidence as to the defendant's income, but none as to Gretchen's individual needs. It is therefore necessary for us to remand this case to the trial court to receive evidence as to the needs of this child and the ability of the defendant to pay and thereafter to determine the amount of support which the state is entitled to recover. See McConkey v. Pinto, supra, and LSA-C.C.P. Article 2164.
For the foregoing reasons, the judgment of the district court is reversed insofar as it rejected the plaintiff's demands that the defendant, Gregory Guillory, be decreed to be the biological father of Gretchen Easton and therefore liable for the support of such child. Otherwise, it is affirmed. It is further ordered that the case be remanded for the fixing of the amount of support due by the defendant for the minor Gretchen Dawn Nichole Easton and rendition of final judgment therefor. All costs of this appeal are assessed to the defendant-appellee.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] LSA-R.S. 46:236.1(F) reads as follows:

"The department, except when it is not in the best interest of the child, may, without the necessity of written assignment, subrogation, tutorship proceedings, separation proceedings, or divorce proceedings, take direct civil action, including actions to establish paternity, in any court of competent civil jurisdiction to obtain child support from the person primarily legally responsible for the support of a minor child who is receiving aid to families with dependent children when that person has failed to support such child. The amount of such child support shall be set only by order of a court of competent jurisdiction or by the consent of the parties. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding."