411 So.2d 736 (1982)
Huey SHACKLEFORD, Plaintiff and Defendant in Rule-Appellee,
v.
Hazel Tyler SHACKLEFORD, Defendant and Plaintiff in Rule-Appellant.
No. 8698.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1982.
*737 Downs & Downs, James C. Downs, Alexandria, for defendant and plaintiff in rule appellant.
Broussard, Bolton & Halcomb, Frank R. Bolton, Jr., Alexandria, for plaintiff and defendant in ruleappellee.
Before DOMENGEAUX, SWIFT and LABORDE, JJ.
SWIFT, Judge.
Mrs. Hazel Tyler Shackleford Gunter appeals from a judgment awarding her $50 per month for the support of her minor child, Preston Shackleford. Her former husband, Huey Shackleford, contends there has been no change which warrants a deviation from the child support to which the parties agreed when their separation decree was rendered. We disagree.
Huey and Hazel Shackleford were married on February 27, 1960. Of this marriage five children were born, two boys and three girls.
On October 26, 1978, a separation judgment was rendered in favor of Mr. Shackleford. The custody of four of the children was placed with the father and the custody of the other child, Preston, age 11 years, was granted to the mother. By agreement Huey Shackleford was ordered to pay $50 per month as child support for Preston.
On November 5, 1979, Huey Shackleford brought suit against Hazel for divorce and for Preston's custody. The trial court granted the divorce, but continued the custody of this child with his mother. The judgment was silent as to child support.
Huey Shackleford appealed the decree as to the issue of Preston's custody. In Shackleford v. Shackleford, 389 So.2d 825 (La. App. 3 Cir.1980), this part of the judgment was reversed, because Mrs. Shackleford had been living for some time in open concubinage with Wallace Gunter, and the case was remanded to the district court for a new trial on the custody issue.
On remand Hazel Shackleford filed a rule to show cause why Huey Shackleford should not be required to pay her child support in the amount of $150 per month. Upon finding that Mrs. Shackleford and Mr. Gunter had married five days after the divorce was granted, the trial court gave the mother custody of Preston, but continued the support in the sum of $50 per month.
The sole issue now presented on appeal is whether the trial court abused its discretion as to the amount awarded for child support.
In Prudhomme v. Prudhomme, 381 So.2d 906, 907 (La.App. 3 Cir.1980), writ denied, 383 So.2d 782 (La.1980), we said:
"A mutual obligation of support, maintenance, and education of children is imposed by our law on both parents. The degree of support required of each is determined by the needs of the children and the circumstances of those who are obliged to pay it. LSA-C.C. Articles 227, 230 and 231; Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir. 1978); Marcus v. Burnett, 282 So.2d 122 (La.1973); Strickland v. Strickland, 377 So.2d 537 (La.App. 3rd Cir. 1979). The customary duties performed and services rendered by a mother on a daily basis contribute substantially to the mutual obligation of support. Ducote v. Ducote, 339 So.2d 835 (La.1976). In instances where one or both of the parties have remarried the earnings of their respective spouses is to be considered in making an award for child support. In essence the court must consider, in calculating the award to be made, the totality of all pertinent circumstances. Marcus v. Burnett, supra."
In Howell v. Howell, 391 So.2d 1304, 1306 (La.App. 4 Cir. 1980), the court said the following in regard to modification of a previous award of child support:

*738 "The Louisiana jurisprudence establishes that a consent judgment of alimony is not subject to modification unless a change of circumstances supporting the modification is proved. Bernhardt v. Bernhardt, 283 So.2d 226, 229 (La.1973); Johnson v. Johnson, 357 So.2d 69 (4th Cir. 1978). This rule applies to child support awards as well as alimony awards. Laird v. Laird, 363 So.2d 244 (4th Cir. 1978); Gennaro v. Gennaro, 306 So.2d 756 (4th Cir. 1975). The change in circumstances must occur during the period of time between the date of the consent judgment and the date of the rule for modification of the award of child support and alimony. Bernhardt, supra. The party requesting a modification of a support award bears the burden of proving a change in the financial condition of one of the parties. Cole v. Cole, 338 So.2d 152 (2d Cir. 1976); Rachal v. Rachal, 250 So.2d 560 (1st Cir. 1971). Finally, the jurisprudence clearly establishes the rule that an award of alimony and child support are within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Nicolle v. Nicolle, 308 So.2d 377 (4th Cir. 1975); Fakouri v. Perkins, 322 So.2d 401 (3rd Cir. 1975)."
The circumstances of the parties have indeed changed since 1978 when they consented to the order that Huey Shackleford pay $50 per month child support for Preston. At that time Mr. Shackleford had an average gross monthly income of $720 and expenses totaling $731.35 a month. He was awarded the custody of the other four children and was obligated for their support. Hazel Shackleford was not employed and had no source of income.
The record reflects that Huey Shackleford now has an average gross income of $1203.57 a month and total monthly expenses of $801.35. Three of the children whose custody was previously awarded to him have reached the age of majority and are no longer living with their father. The other child in Mr. Shackleford's custody is presently staying with her grandmother by her choice, although he testified that he was helping to pay the child's expenses. Mr. Shackleford is now living in the home of another woman that he intends to marry in the future and they are sharing the household expenses. Mrs. Gunter keeps house for her present husband and also performs the customary duties of a mother for Preston and a child of this second marriage. Wallace Gunter's gross income in 1980 was $17,400 and he also gets about $200 a month from a home plant nursery which he says has not made any profit as yet.
Mrs. Gunter's expense list for Preston shows that it costs about $200 a month to feed, clothe and care for him, far more than the $50 awarded by the trial judge.
Mrs. Gunter testified and the record indicates that, although no disavowal proceedings were instituted, Preston may be the biological child of Mr. Gunter even though he was born before his mother and Mr. Shackleford separated. Certainly, this is a factor to be considered in determining the amount of child support, because both the legal father and the biological father are obliged to support their child. State in interest of Poche v. Poche, 368 So.2d 175 (La.App. 4 Cir. 1979), writ refused, 370 So.2d 577; State in interest of Guillory v. Guillory, 407 So.2d 1327 (La.App. 3 Cir. 1981). However, we think the trial judge may have been overly influenced by this circumstance in arriving at the very low amount which Mr. Shackleford must contribute for Preston's support. We do not gather from the record that Mr. Shackleford acknowledges that Mr. Gunter is the child's biological father. He has demonstrated a close affection for Preston and under the court's decree he is entitled to have the child visit with him every second and fourth weekend of each month and also on designated holidays.
Under the totality of the circumstances we are convinced the trial court's award for child support was inadequate and that there was an abuse of discretion in this respect. We therefore will increase such award to $100 per month.
*739 For the reasons assigned, the judgment of the district court is amended so as to increase the amount of child support from $50 per month to $100 per month. In all other respects it is affirmed at appellee's costs.
AMENDED AND AFFIRMED.