433 So.2d 1066 (1982)
A. COPELAND ENTERPRISES, INC.
v.
R. JONES ENTERPRISES, INC.
No. 5-163.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1982.
Writ Denied January 10, 1983.
*1067 Benjamin B. Saunders, Davis, Saunders, Miller, Metairie, for plaintiff-appellant.
W.J. Barnes, Zachary, for defendant-appellee.
Before CHEHARDY, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an action on a contract. A. Copeland Enterprises, Inc. (Copeland) instituted an action to enforce a contract against R. Jones Enterprises, Inc. (Jones) asking for the balance of $65,262.06 (plus costs and attorney's fees) outstanding on the contract. Jones answered and filed an "exception of no cause and no right of action"[1] directed at Copeland's failure to comply with state law, requiring a contractor to be licensed in the State of Louisiana pursuant to LSA-R.S. 37:2151 et seq. After a hearing, the trial judge rendered a judgment on the "exception of no cause and no right of action", sustaining the exception and dismissing Copeland's suit with prejudice. Consequently, Copeland appeals that judgment.
Copeland alleges that the trial court erred in maintaining the exception of "no cause and no right of action". The appellant submits to this court, that the trial court abused its discretion in making a factual determination on the basis of the limited evidence presented to him. Copeland asserts that a trial court can make a fair and just determination of the legal and factual issues presented by the case, only after trial on the merits.
It must first be noted that Louisiana does not have an exception of "no cause and no right of action". Gustin, supra and Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977). We do have an exception of "no cause of action", LSA-C.C.P. Article 927(4) and an exception of "no right of action", LSA-C.C.P. Article 927(5). Although the *1068 exceptor in this case did not employ the correct terminology for purposes of this discussion, we trust Jones' pleading as an attempt to urge both of the described exceptions.
I. No Cause of Action
The purpose of the peremptory exception of "No Cause of Action" is to test whether plaintiff's allegations entitle it to any remedy whatsoever at law. In other words, this exception raises the issue of whether the law grants a remedy to anyone for the particular harm alleged by the petition. When the exception of no cause of action is raised, all the allegations of the petition are accepted as true and no evidence is admissible to support or defeat the exception. Gustin, supra and Bamber, supra. However, any doubt as to the sufficiency of the petition must be resolved in favor of plaintiff. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975) and American Bank and Trust Co. v. French, 226 So.2d 580 (La.App. 1st Cir.1969).
In this case, Copeland alleged that he and Jones entered into a contract and Jones failed to fulfill his obligations as stipulated. He then proceeded to enumerate the events leading up to the breach. Obviously, Copeland alleges facts which, if true, constitute "a particular grievance for which the law affords a remedy". Thus, the exception of no cause of action must be overruled.
II. No Right of Action
Since it is concluded that Copeland's petition states a cause of action, the next question is whether the remedy afforded by law, can be invoked by this particular plaintiff. An exception of "no right of action" is the appropriate vehicle for raising that issue. Holzhauser v. Fagan, 363 So.2d 1232 (La.App. 4th Cir.1978); Bamber, supra.
It is noted in Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir.1967) and reiterated in Budd Construction Company, Inc. v. City of Alexandria, 401 So.2d 1070 at 1081 (La.App. 3rd Cir.1981)
"The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit ___".
The exceptor in this case is apparently contending that, even though Copeland stated a cause of action (based on a breach of contractual obligations) for which someone may have a remedy, the law does not afford a remedy to this particular plaintiff because of the applicable law embodied in the provisions of LSA-R.S. 37:2151 et seq.
This court directs its attention specifically to the provisions of LSA-R.S. 37:2157, defining those governed by the chapter, which provided at the time of the alleged contract in 1976 the following pertinent part:
"A. For the purpose of this Chapter, a contractor is defined as any person, firm, partnership, co-partnership, association, corporation or other organization, or any combination thereof, who, at a fixed price, commission, fee, wage or salary of thirty thousand dollars or more, undertakes, attempts, or submits a bid to construct, supervise, superintend, oversee, direct, or in any manner assume charge of the construction, alteration, repair, improvement, movement, demolition, putting up, tearing down, or furnishing labor, material or equipment and installing same for any building, highway, road, railroad, sewer, grating, excavation, pipeline or public utility structure, project, development, housing or housing development, improvement, or any other undertaking where the cost of same is thirty thousand dollars or more; ...."
Jones argues that Copeland has no right of action because it was a "contractor" within the meaning of LSA-R.S. 37:2157, and its failure to obtain a license (as shown in the record) prohibits Copeland from collecting on the contract entered into or work done.
We disagree.
*1069 This court holds that the decision of Messina v. Koch Industries, Inc., 283 So.2d 204 (La.1973) is germane and dispositive of issues presented here. We find that the activity and/or involvement by Copeland was not that which was contemplated by the statute. The Supreme Court of Louisiana in Messina, above at p. 206 stated:
The statute, at § 2157(A), defines a contractor as,
"Any person, firm ... who ... undertakes, attempts, or submits a bid to construct, supervise, superintend, oversee, direct, or in any manner assume charge of the construction, alteration... or furnishing labor, material or equipment and installing same for any building ..." (emphasis supplied).
"We interpret the statute as defining a supplier of labor, material or equipment as a contractor where he is in charge of furnishing labor, material or equipment and he is also in charge of their installation, i.e. the use made of the labor, material or equipment furnished. The conjunctive "and" requires the supplier-potential contractor to be in charge of both furnishing and of installing."
Thus, Copeland does have a right of action from the record. The trial court erred in not finding so.
Accordingly, the judgment of the trial court sustaining the defendant's exception(s) is reversed and set aside. The case is remanded to the trial court for further proceedings consistent with the views herein expressed. Costs of this appeal are cast against the appellee.
REVERSED AND REMANDED.
NOTES
[1] "Louisiana law does not have a single exception of no cause and no right of action. These are separate and distinct exceptions and each serve a particular purpose and each follow particular procedural rules. LSA-C.C.P. 927(4) and (5)."

Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir.1979).