541 So.2d 307 (1989)
Ledora McCathen SMITH
v.
Playville Joseph COLE.
No. 88-CA-799.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1989.
Rehearing Denied April 17, 1989.
Writ Granted June 2, 1989.
*308 Charles R. Grady, New Orleans, for plaintiff-appellant.
William R. Ary, New Orleans, for defendant-appellee.
Before KLIEBERT, BOWES and WICKER, JJ.
BOWES, Judge.
Plaintiff/appellant, Ledora McCathen Smith, appeals the judgment of the trial court sustaining the exception of no right or cause of action filed by defendant/appellee, Playville Joseph Cole, and dismissing *309 Ms. Smith's petition to prove paternity and to obtain child support. We reverse.
While Ms. Smith was still legally married to Henry E. Smith, she lived in open concubinage with the appellee. Approximately one year after they began living together, a female child was born on December 25, 1975. Henry Smith did not take any action to disavow the child and, in fact, the child's birth certificate bears Henry Smith's name as the legal father of the child. Henry and Ledora Smith were divorced on April 5, 1978. Ms. Smith and Mr. Cole lived together for approximately five years.
On May 18, 1988, Ms. Smith filed a petition to prove paternity and to obtain child support, alleging that Mr. Cole is the natural father of the female child. She also alleges that Mr. Cole has acknowledged that he is the father of the child by his actions and oral admissions. Mr. Cole filed an exception of no right or cause of action. The matter was heard before a hearing officer pursuant to LSA-R.S. 46:236.5(C)(5) and Domestic Rule XII. The hearing officer sustained Mr. Cole's exception and the district court judge rendered a judgment in accordance with the hearing officer's ruling.
Appellant presents one assignment of error:
"The trial court erred in sustaining defendant's exception of no right or cause of action and dismissing plaintiff's suit to identify defendant as her minor daughter's biological father for the purpose of obtaining child support from the biological father, notwithstanding the fact that plaintiff's husband at the time of the child's birth is presumed under LSA-C.C. Article 184 to be her daughter's father."
We note initially that Louisiana does not have an exception of "no cause and no right of action." They are separate and distinct exceptions and each serve a particular purpose and each follow particular procedural rules. LSA-C.C.P. art. 927(4), (5); A. Copeland Enter. v. R. Jones Enter., 433 So.2d 1066 (La.App. 5 Cir.1982) writ denied 435 So.2d 426 (La.1983). Although the exception in this case did not employ the correct terminology, for purposes of discussion we will treat Mr. Cole's pleading as an attempt to urge both of the described exceptions. A. Copeland Enter, v. R. Jones Enter., supra.
No Cause of Action
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). It is well settled that this exception must be decided upon the facts alleged in the petition; and, for the purposes of trial on the exception, the truth and correctness of the facts pleaded are conceded. The exception may be sustained only when it is clearly shown that the law affords no remedy to anyone for the particular grievance alleged. Meche v. Arceneaux, 460 So.2d 89 (La.App. 3 Cir.1984). We must, therefore, decide whether the law affords any relief to appellant under the circumstances alleged, under any theory of the case. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985); Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984).
In the instant case, Ms. Smith's original petition states in pertinent part:
II.
"Ledora McCathen Smith and Playville Joseph Cole are the natural parents of Donél Patrice Smith born on the 25th day of December, 1975.
III.
Defendant, Playville Joseph Cole, has acknowledged that he is the father of this child by his actions and oral admissions."
In reviewing whether or not an exception of no cause of action was properly maintained by the trial court, we must assume the correctness of the allegations of the plaintiff's petition. LSA-C.C.P. art. 927(4).
As early as 1974, the Louisiana Supreme Court, in Warren v. Richard, 296 So.2d 813 (La.1974), recognized that an illegitimate *310 child of her biological father could recover for his wrongful death even though she was also the legitimate child of another man under the law. The court held:
"... it is the biological relationship and dependency which is determinative of the child's rights in these cases, and not the classification into which the child is placed by the statutory law of the State."
. . . . . .
"We are not unmindful of the problems a logical extension of these holdings may create, such as a child in these circumstances recovering from both fathers for support and maintenance, or, conversely, requiring the child to support both fathers in a proper case." [Emphasis supplied]
Consistently, following Warren v. Richard, supra, the jurisprudence has allowed the true parentage of an individual to be established even though the individual may enjoy legitimate status to another.
In Shackleford v. Shackleford, 411 So.2d 736 (La.App. 3 Cir.1982), the court held:
Mrs. Gunter testified and the record indicates that, although no disavowal proceedings were instituted, Preston may be the biological child of Mr. Gunter even though he was born before his mother and Mr. Shackleford separated. Certainly, this is a factor to be considered in determining the amount of child support, because both the legal father and the biological father are obliged to support their child. State in interest of Poche v. Poche, 368 So.2d 175 (La. App. 4 Cir.1979), writ refused, 370 So.2d 577; State in interest of Guillory v. Guillory, 407 So.2d 1327 (La.App. 3 Cir. 1981).
In a recent case involving filiation, Malek v. Yekani-Fard, 422 So.2d 1151 (La.1982), the Louisiana Supreme Court held:
"It is argued that this mother has a legal husband. Her marital status is irrelevant except for any weight it may have at trial in proving or disproving filiation. `[I]t is the biological relationship and dependency which is determinative of the child's rights in these cases, and not the classification into which the child is placed by the statutory law of this State.' Warren v. Richard, 296 So. 2d 813 at 817 (La., 1974)."
Under LSA-C.C. art. 240, fathers and mothers owe alimony to their illegitimate children when they are in need. In State, Etc. v. Guillory, 407 So.2d 1327 (La.App. 3 Cir.1981), the court held:
"That our law considers a child to be the legitimate child of another, who is also obligated for support, does not alter the biological father's duty under Article 240. We conclude, as the court evidently did in Poche, that a natural father is within the ambit of primary responsibility for the support of his children."
Appellee argues that cases which are brought by the State of Louisiana are not applicable because it is the State that is attempting to secure money from recalcitrant parents. We are not persuaded by this argument. Whether it is the State of Louisiana or the parent of the child, the object of the suit is to force the biological father to shoulder his financial responsibility for his progeny. If a mother is unsuccessful in her attempt to secure financial assistance from the biological father, there is a very good possibility she will then look to the State for such assistance and this process will begin anew.
Based on the prevailing jurisprudence in this state regarding the issue of dual paternity, we find that Ms. Smith alleges facts which, if true, constitute "a particular grievance for which the law affords a remedy." Thus, the exception of no cause of action must be overruled. As to whether appellant's proof can be established is an entirely different matter which is not before us at this time.
No Right of Action
Since we have concluded that Ms. Smith's petition states a cause of action, the next question for our review is whether the remedy afforded by law can be invoked by this particular plaintiff.
LSA-C.C.P. art. 927(5) is the source of the peremptory exception of no right of *311 action. The essential function of this exception is to provide a threshold device for terminating a suit brought by one with no legal interest to assert it, that is, to challenge the plaintiff's interest in the subject matter of the suit or his lack of capacity to proceed with the suit. Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984). This exception is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff's actions. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972); Invest, Incorporated v. State, 247 So.2d 175 (La.App. 1 Cir.1971). Nor can this exception of no right of action be invoked to determine whether a particular defendant can stand in judgment in a particular case. Babineaux v. Pernie-Bailey Drilling Co., supra. Any such defenses must go to the merits only. Gustin v. Shows, 377 So.2d 1325 (La.App. 1 Cir. 1979).
In the instant case, the young female child, at the time of this appeal, is only thirteen (13) years of age and thus does not have the procedural capacity to sue. LSA-C.C.P. art. 683. Ms. Smith is the child's mother and is divorced from Mr. Smith, who is presumed to be the child's legal father. According to LSA-C.C.P. art. 683, Ms. Smith is the proper plaintiff on behalf of her child. Ms. Smith has a right of action and a legal interest in the subject matter of this litigation. We express no opinion whatsoever at this time as to the merits of the case.
Accordingly, the judgment of the district court maintaining defendant's peremptory exception is reversed and set aside. The case is remanded to the trial court for further proceedings consistent with the views herein expressed. Costs of this appeal are cast against the appellee.
REVERSED AND REMANDED.
KLIEBERT, J., concurs with written reasons.
KLIEBERT, Judge, concurring.
Although the Supreme Court has not ruled on the issue involved here (child's entitlement to support from the biological father notwithstanding the existence of a legitimate father) based on its past pronouncement I believe it would sanction the results reached here. Accordingly, I am duty bound to concur in the results. However, I believe I would be remiss in my duty if I failed to point out my philosophical disagreement with the results.
For reasons which should appear obvious, a child can have but one legitimate father. The presumption of legitimacy resulting from birth during the existence of the lawful marriage is one of the strongest in the law and is intended to encourage marriage by requiring it for civil effects to flow to the child. Thus it serves to encourage marriage and legitimacy of children and discourage unlawful unions and illegitimacy. In my view, concluding the child has two fathers, one legitimate and one illegitimate for the sake of expediency in finding a means of support, attacks the stability of the marriage by allowing civil effects to flow outside the marriage and thereby discourages marriage and encourages illegitimacy.