DUFRESNE, Judge.
This is an appeal by Cynthia Piro, wife of/and Gene R. LeBlanc, plaintiffs-appellants, from judgments sustaining exceptions of no right of action urged by Jefferson Parish and the Community Preservation Organization of Jefferson, Inc., (CPOJ), defendants-appellees. While we agree with plaintiffs’ contention that the trial judge erred in sustaining the exceptions of no right of action, we also note that plaintiffs have failed to state a cause of action as to the defendants, and we amend the judgments accordingly.
The pertinent allegations of plaintiffs’ petition and amendments thereto, are as follows. In their original petition they alleged that they purchased two adjoining parcels of land through a realtor in October 1983. They further contended that the realtor represented to them that both parcels were zoned commercial, but they discovered after the sale that one parcel was in fact zoned residential, and was thus not suitable for their intended purposes. The defendants named were the realtor, his employer, and the listing agent. A subsequent first amendment to the petition simply elaborated on the original petition.
However, on June 21, 1988, a second amended petition was filed naming as additional defendants the Parish of Jefferson and the CPOJ. The allegations there were that plaintiffs had obtained from the parish a nonconforming use certificate for the residential parcel shortly after the sale. Further, that based on representations made by CPOJ to the Parish Council, the parish “arbitrarily and capriciously with disregard of the known truth, file[d] suit against the LeBlancs for noncompliance with zoning regulation” pertaining to the residential parcel. In their third amended petition of September 26, 1988, plaintiffs further alleged that the CPOJ made knowingly false representations to the Council as to the non-conforming status of the property and it was upon these representations that the parish decided to file the zoning suit.
In response to these amended petitions, both the parish and the CPOJ filed exceptions of no right of action and no cause of action. The trial judge sustained the former exceptions, and dismissed the latter as moot. Plaintiffs now appeal these judgments.
Although often urged as a single exception of “no right or cause of action”, the cause of action and the right of action are distinct concepts. La.Code Civ.Por., art. 927(4) and (5). The exception of no right of action puts at issue the plaintiffs interest in the disputed matter, i.e. does he fall as a matter of law within the general class in whose favor the law grants the cause of action asserted in the suit, A. Copeland Enterprises, Inc. v. R. Jones Enterprises Inc., 433 So.2d 1066 (La.App. 5th Cir.1982). The exception of no cause of action, on the other hand, raises the question of whether the plaintiffs’ allegations, taken as true, entitle him to any legal remedy whatsoever against the defendant, A. Copeland Enterprises, supra.
In the present matter, plaintiffs allege that they are owners of a piece of property, and have been damaged by certain actions taken by the defendants in regard to that property. In this circumstance, they clearly have an interest in the disputed matter, and thus have the right to assert an action for damage to their property.
The other question, however, is whether there is a cause of action against the appellees stated in plaintiffs’ papers. In this regard we note initially that when *134 considering the exception of no cause of action, which this court may notice on its own motion, La.Code Civ. Pro., art. 927, the plaintiffs petition must be given every reasonable interpretation which might sustain its adequacy, Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). The instant petition alleges that plaintiffs were initially issued a non-conforming use certificate by the parish, based on correct information provided by them as to prior commercial use of the property. It asserts that the CPOJ subsequently made false representations to the Parish Council as to the nonconforming status of the property and thus called into question plaintiffs’ truthfulness in their aquisition of the non-conforming use permit. It further alleges that the Parish, even knowing these later representations to be false, nonetheless filed a suit against plaintiffs for violation of the zoning laws.
Construing these allegations in a light most favorable to plaintiffs, we conclude that the actions asserted are for defamation and malicious prosecution.
A similar set of facts was presented in Weldon v. Republic Bank, 414 So.2d 1361 (La.App. 2nd Cir.1982). There, plaintiff brought suit in state court, alleging that the defendants had filed a federal suit against him containing libelous statements. The court ruled that because the federal suit had not yet terminated in favor of plaintiff, his actions for defamation and malicious prosecution had not yet come into existence, and therefore his petition stated no cause of action. In another case, Dubois v. State through Dept. of Public Safety, 466 So.2d 1381 (La.App. 3rd Cir.1985), the court held that a petition for malicious prosecution which did not allege that the prior suit had terminated in petitioner’s favor, did not state a cause of action because such a termination is an essential element of the action for malicious prosecution.
In the present matter, there is no allegation, or even suggestion, that the suit filed by the parish, and based on the representations of the CPOJ, has terminated in plaintiffs’ favor. Thus, plaintiffs’ petition as amended fails to state an essential element of the causes of action against appellees for either malicious prosecution or defamation in judicial proceedings, and we so note.
The final question concerns the procedural repercussions of this holding. Under La.Code Civ.Pro., art. 934, when a peremptory exception has been maintained, but the grounds therefore can be removed by amendment, the court “shall order such amendment within the delay allowed by the court”. However, if the defect cannot be removed, or the party fails to amend timely then the action shall be dismissed. In this case, the parish represents in brief that the zoning suit is still pending. Were that representation borne out by the record, we would dismiss plaintiffs’ actions against ap-pellees, without prejudice, see Weldon, supra. However, there is nothing in the record to otherwise substantiate this assertion of fact, and we thus have no way to determine whether or not the defect in plaintiffs’ petition can be cured by amendment. We therefore remand the matter to the district court for further proceedings in accordance with La.Code Civ.Pro., art. 934.
REMANDED FOR FURTHER PROCEEDINGS.