JANVIER, Judge.
This litigation is the result of an accidental injury sustained by Joseph D. Ryman who, at the time, was an employee of Brewster-Bartle Drilling Company, Inc., which corporation shall hereafter be referred to merely as Brewster. Brewster had obtained from The Travelers Insurance' Company, which shall hereafter be referred to merely as Travelers, policies of insurance; one to cover workmen’s compensation lia *585 bility and the other to cover general liability including that which might result from the use of its many motor vehicles.
On March 16, 1960 Ryman was sent with his motor truck to obtain certain rather heavy bulky oil field machinery or equipment which was on a barge at or near Lockport in the Parish of Lafourche. The barge was being loaded with oil field equipment by Bourg Truck Line, Inc., which shall hereafter be referred to merely as Bourg, which machinery belonged to Brewster. Brewster, requiring the piece of equipment already referred to, had sent Ryman with two other employees to take that particular thing from the barge. The motor truck had been backed against the side of the barge and as the equipment was being pushed into the truck from the rear, one end of it stuck in the floor of the truck and it became apparent that those three employees of Brewster were having difficulty. Nearby there were several employees of Bourg. They had no actual connection with the work Brewster was doing but were eating or had just eaten their lunch. Two of them, one Cecil J. Jarreau and the other whose name is not given with certainty, voluntarily, and without solicitation from the Brewster employees, attempted to assist in getting that particular piece of equipment into the truck ; and in the process, Ryman, the truck driver of Brewster, sustained injury.
There was a minor dispute as to the extent of Ryman’s disability and a compromise settlement of his compensation claim was agreed upon. All parties, Ryman, Brewster and Travelers, were represented by counsel. The matter was submitted to the district court and the settlement was approved by the court. Five thousand dollars was paid to Ryman by Travelers and Brewster and a receipt was taken from Ryman in which document there was included what was obviously intended to be a release from any possible tort liability to Ryman or to anyone'else. This document was prepared by counsel for Brewster and Travelers.
On March 13, 1961 Ryman brought this action in tort against Bourg and its liability insurer The Employers Mutual Liability Insurance Company of Wausau, Wisconsin, which shall hereafter be referred to merely as Employers, alleging that the accident had been caused by negligence of the Bourg employees who had assisted the Brewster employees in the loading of the equipment into the Brewster truck. Ryman prayed for judgment against Bourg and Employers in the sum of $242,000 and Bourg and Employers answered denying that there had been any fault on the part of the Bourg employees and further averring that if there had been any such negligence, those employees had become borrowed employees of Brewster and that consequently, Bourg and its insurer Employers were not responsible for their negligence, if any.
Then in their answer to the petition of Ryman, Bourg and Employers, by third-party petition, sought to make Brewster and Travelers third-party Defendants and prayed that should any judgment be rendered against them, they, in turn, have like judgment against Brewster and Travelers. They averred that Brewster had obtained from Travelers the policy of liability insurance already referred to and that since the Bourg employees were assisting in the loading of the Brewster truck, those employees became additional insured under the so-called omnibus clause of the said liability policy and that, as additional insureds, they and their employer Bourg came under the protection of that policy. Bourg and Employers also averred that under its policy Travelers had agreed to defend any action which might be brought against its insured and that Travelers was therefore bound to undertake the defense of this suit and that since Travelers had refused to do so, it became liable for the fee of the attorneys who were called upon to defend it and they prayed that, regardless of the outcome of the suit of Ryman against them, they have judgment against Travelers for attorney’s fees in the sum of $5,000. In their answer to the suit of Ryman they referred to the *586 so-called release already referred to and averred that as a result of that release, Ryman was estopped to bring this suit against them and in their third-party demand against Brewster and Travelers, they again referred to this release and averred that if given effect, it would affect their rights adversely without any consideration and that therefore the said release could not he held to be binding and effective. To this third-party petition Brewster and Travelers filed exceptions and a prayer for summary judgment contending that any possibility of liability in them had been discharged by the payment of compensation to Ryman and that any claim that Ryman or Bourg or Employers might have, so far as Brewster and Travelers were concerned, had been eliminated by that compromise settlement and by the judgment approving the compromise which made the third-party claim of Bourg and Employers res judicata, and Brewster and Travelers prayed for summary judgment dismissing the third-party petition. This exception or motion for summary dismissal was overruled and Brewster and Travelers then filed answer to the third-party petition averring again that any possibility of liability had been settled and compromised. Then, alternatively, Brewster and Travelers prayed that in the event judgment on the third-party action be rendered against them, they, in turn, have similar judgment against Ryman since he, after executing the release relieving them from any possible tort liability, had brought the action in tort against Bourg and Employers as a result of which they had been made parties Defendant in the third-party action. By supplemental third-party petition Bourg and Employers made Jarreau, already referred to as an employee of Bourg, an additional third-party Defendant averring that if any negligence of Jarreau’s had contributed to the accident and they could be held liable therefor, they should recover from Jarreau any amount which they might be compelled to pay to Ryman.
Then as a supplemental answer to the-original petition of Ryman, Bourg and Employers set forth in detail certain specific features of the release which Ryman had executed in favor of Brewster and Travelers and averred that since Ryman, in that document, had released Brewster and Travelers from any possible tort liability and since it had been alleged by Ryman that employees of Bourg, one of whom was Jarreau, had caused the accident, Ryman was estopped by that so-called release to prosecute the action based on the negligence of Jarreau or any other employee of Bourg. The attorneys for Brewster and Travelers, on behalf of Jarreau and of Brewster and Travelers, filed answer denying any liability. Ryman filed answer to the third-party petition which Brewster and Travelers had filed against him denying that as a result of the release he had made himself liable for any amount which Brewster and Travelers might be called upon to pay to Bourg and Employers and specifically, averred that in that release he had reserved all rights against Bourg and Employers.
This completes a statement of the somewhat complex pleadings. Certain evidence was then taken in the principal tort action by Ryman which is presently before us, and by agreement between Ryman as Plaintiff and Bourg and Employers as Defendants, there was an unappealable consent judgment for $3,000 in favor of Ryman and against Bourg and Employers. That judgment further provided “that disposition of the further issues involved in this litigation are to await final judgment on such issues.” There was therefore left for determination the question of whether Brewster and Travelers and Jarreau should be held liable for the $3,000 which Bourg and/or Employers had paid to Ryman and whether Bourg and Employers should have further judgment against Travelers for attorney’s fees as a result of the refusal of Travelers to defend the suit of Ryman.
There was then judgment in favor of Bourg and Employers against Brewster,. *587 Travelers and Jarreau in the sum of $3,000 with interest, etc. and there was further judgment in favor of Bourg and Employers against Travelers for $3,750 as attorney’s fees. Brewster and Travelers appealed suspensively from this judgment. Jarreau did not appeal.
It is evident from the foregoing statement of the pleadings that there are many problems which would have been presented had we been able to accept as sound the initial premise on which the third-party claim against Brewster and Travelers is based. That initial premise is that Bourg was an additional insured under the Travelers’ policy, since it is alleged that the injury was caused by negligence of two of Bourg’s employees. That policy did contain the usual omnibus clause which provides that there is coverage for anyone using a motor vehicle of Brewster with permission and that an additional clause provides that the word use or using was intended to cover the loading or the unloading of the motor vehicle
In Garvey v. Great Atlantic & Pacific Tea Co., La.App., 125 So.2d 634, we considered a situation quite similar to that involved here. There the owner of a motor vehicle had obtained a policy which contained the same omnibus clause and there an employee of a supermarket was held to have been negligent in slamming the door of the automobile and causing injury to the finger of a child in the car. We held that the employer of the employee who had slammed the door was within the coverage of the omnibus clause in the policy of the owner of the car and that accordingly, since the supermarket as employer of the boy could be held liable, it, in turn, was protected by the omnibus clause in the policy of the owner of the car. But there the employee who had been putting the groceries into the car and who had slammed the door had been acting within the scope and course of his employment.
That cannot be said about the employees of Bourg who volunteered to help the employees of Brewster in putting the equipment into the Brewster truck. In the' petition of Ryman it is alleged that, in doing what they did, the Bourg employees were acting within the course and scope of their employment with Bourg. However, the evidence does not bear out this conclusion.
We do not overlook the fact that the Bourg employees were engaged in loading the barge from which the piece of equipment was being removed by Brewster employees nor do we overlook the fact that there is evidence to the effect that in oil field drilling operations it is customary for employees of one employer in emergencies to lend momentary aid to employees of other employers who may be in temporary difficulties, but we think that this custom cannot be permitted to have the effect of bringing any employer of. one employee who may lend such momentary aid, by so doing, under the coverage of the omnibus clause of the policies of the other employer. Of course Jarreau and the other employees who were acting voluntarily in this operation would, themselves, have been within the coverage of the said omnibus clause and had they been sued, as in fact Jarreau was, they would have-had the right to call upon Travelers to defend the suit against them and to require Travelers to pay any judgment which might be rendered against them.
This was apparently realized by Travelers for when Jarreau was brought in by supplemental petition, Travelers filed answer for him and apparently undertook his defense. However, as already stated, we think that this did not bring Bourg, as Jarreau’s employer, under the Travelers’ omnibus clause since we feel that Jarreau was not acting within the scope of his employment. Such evidence as is in the record supports this fact and makes it quite clear that the Brewster truck was being loaded by Brewster employees and that *588 Bourg had nothing whatever to do with that loading. The evidence on this question may he summarized by the court by quoting the following testimony of Jarreau:
“Q. And Ryman was the driver of that truck [the one he helped the Brewster employees load] ?
“A. Right.
“Q. You had really nothing to do with that truck for Bourg, did you? Your job with Bourg was not on that truck?
“A. Right.”
It is true that there could have been no judgment against Bourg and Employers if it could have been shown that the Bourg employees were not acting within the scope of their employment. However, the fact that there was a judgment does not dispose' of this question since that judgment was by consent and therefore could not be used against Travelers in determining that the employees of Bourg were acting within the scope of their employment.
Our conclusion that Bourg was not an additional insured under the Travelers policy is not necessarily determinative of the question of whether Travelers should have undertaken the defense of the suit and whether its refusal to do so rendered it liable for the attorney’s fees which Bourg and Employers became liable for as a result of that refusal. As we view the contention of Travelers that it was not called upon to defend this action, it seems to be based on two facts. First, that the allegations of the petition of Plaintiff show that the policy provided no such coverage; and second, that if it did, the release which had been obtained from Ryman made Ryman’s claim res judicata, not only as against Brewster and Travelers but also against Bourg and Employers, even if the Bourg employees were additional insureds under the policy.
We also note that although the Brewster employees were putting the equipment in the Brewster truck and that the Bourg employees were not at all involved in that particular operation, the allegations of the petition were to the effect that there was some contractual connection between the operations which the Bourg employees were performing in loading the barge and the operation which the Brewster employees were performing in loading the truck. There-4 fore, the possibility that the Bourg employees were acting within the scope of their employment and that they had implied permission to perform this work, was not excluded by the allegations of the petition.
Moreover, at the time the petition was filed, Travelers was aware of the possibility that the Bourg employees did have permission implied, if not expressed, and that they may have been acting within the scope of their employment. In fact, when demand was made on Travelers to defend the suit, the supervising adjuster of Travelers answered that demand in a letter in which he said:
“From the allegations made in the petition there is a chance that we do owe coverage to the employee of L. A. Bourg under the omnibus feature of our automobile policy, however until I get further into the meat of the situation quite naturally I am not at liberty to advise you that we definitely will take over the defense of L. A. Bourg.”
Further evidence that Travelers realized the possibility of liability under its policy is that it demanded the release, already referred to, in which it attempted to protect itself against any possible claim such as this. This realization is evidenced by the petition for the compromise under its workmen’s compensation policy in which reference was made to the general liability policy covering motor vehicles and which policy was referred to as follows:
“ * * * which policy covers all automobiles as defined therein whether owned, *589 non-owned or hired for any responsibility the Travelers Insurance Company may have for an omnibus insured as defined in said policy;” (Emphasis added.)
The second contention made by Travelers that they were not obligated to defend this suit, is based on their reliance upon the so-called release. That release is ambiguous in that it attempts to release Brewster and Travelers from any tort liability but at the same time reserves to Ry-man the right to proceed against Bourg and/or Bourg’s insurer. We have difficulty in understanding how Ryman could release Brewster and Travelers from any possibility of liability when he, at the same time, retained his right to proceed in tort against Bourg and Bourg’s insurer. We feel, therefore, that Bourg and Employers would in no way he affected by that release and that if Ryman retained the right to sue them, they would certainly have the right to protect themselves if any such right existed. Furthermore, the contention that res judi-cata prevents the calling of Brewster and Travelers as Defendants in the third-party action falls since the release on which the plea of res judicata is based was in no way referred to by the district judge when he rendered the judgment approving the compromise settlement.
We conclude, therefore, that under all the circumstances, Travelers was obligated under its liability policy to defend Bourg and Employers.
Since the trial court took no action on the third-party demand of Brewster and Travelers against Ryman and thus retained jurisdiction over the matter, the case must be remanded for the sole purpose of permitting the trial court to adjudicate third-party demand of Travelers, which was the only party cast, against Ryman. See McCoy v. Pacific Coast Fire Insurance Co., 248 La. 389, 178 So.2d 761.
For the above reasons the judgment in favor of Bourg Truck Line, Inc. and The Employers Mutual Liability Insurance Company and against The Travelers Insurance Company in the sum of $3,750 for attorney’s fees is affirmed; the judgment in favor of Bourg Truck Line, Inc. and The Employers Mutual Liability Insurance Company and against Brewster-Bartle Drilling Company, Inc. and The Travelers Insurance Company, in solido, for $3,000 as indemnity for the amount that Bourg and Employers expended as the result of the consent judgment, is now reversed; and the case is remanded for the sole purpose of permitting the third-party demand of Travelers against Ryman to be proceeded with according to law; all parties to pay their own costs.
Judgment affirmed in part, reversed in part, and remanded in part.