448 So.2d 907 (1984)
STATE of Louisiana (Department of Health and Human Relations) In re Phillip Johnson, Plaintiff-Appellee,
v.
Phillip JEFFERSON, Defendant-Appellant.
No. 83-813.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
*908 P. Spencer Torry, Alexandria, for defendant-appellant.
Carl Koehler, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOUCET, Judge.
The State of Louisiana instituted this action against Phillip Jefferson pursuant to La.R.S. 46:236.1 F to establish the paternity of Phillip Johnson, whose mother is Delphine Johnson, and to obtain a judgment of child support. After a trial on the merits the trial judge held that the State had satisfied the burden of proving Phillip Jefferson's paternity and ordered him to pay $50.00 per month for support of the child. From this judgment the defendant appeals.
Defendant-appellant claims that the State did not prove, as required by Article 209 of the Louisiana Civil Code, by a preponderance of evidence the filiation between Phillip Johnson and Phillip Jefferson. LSA C.C. Art. 209, as amended in 1981, reads in part as follows:
"A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf..."
Since Phillip Jefferson was not filiated by legitimation or by formal acknowledgment under Article 203, the State on his behalf must prove filiation by a preponderance of the evidence. In Succession of Matte, 346 So.2d 1345 (La.App. 3rd Cir.1977) we stated that informal acknowledgment can prove filiation and that "courts have generally been reluctant to find an acknowledgment (or proof of paternity) unless the father continuously and unequivocally recognize the child as his own." Compare: Malek v. Yekani-Fard, 422 So.2d 1151 (La.1982).
Defendant-appellant contends that the plaintiff did not show by a preponderance of the evidence that Mr. Jefferson "continuously and unequivocally" recognized Phillip Johnson as his own and thus did not establish filiation. He claims that the only testimony regarding the informal acknowledgment was given by the close relatives of the minor's mother.
The trial court's finding of an informal acknowledgment is a factual determination. If there is a "reasonable factual bases for the trial judge's conclusion regarding informal acknowledgment .... his conclusion should not be disturbed in appeal." Succession of Matte, supra. The record in this case reveals that the trial court's finding was proper.
Delphine Johnson, the child's mother, testified that in 1977 she and Phillip Jefferson dated and had sex. She claimed that Mr. Jefferson visited the child in the hospital when he was born, brought him Christmas and Easter presents, and addressed the child as his own.
The testimony of the other witnesses was discussed thoroughly by the trial court and, therefore, will be adopted as follows:
"Mrs. Johnson's testimony is corroborated by her mother, Octavia Johnson, who says that she saw the defendant visit with her daughter in the hospital. The defendant has told her that he's the father of the child. He visited the child and Delphine at the home about three times a week. The relationship apparently abated, but he has continued to visit and give gifts to the child. This was cross-examined closely by Mr. Jefferson's attorney.
Patricia Robert, a cousin of Delphine has heard the defendant proclaim that he is the father of the child. She corroborates some of the visitations with the child and some of the presents as does Richard Johnson, a brother of the plaintiff, who has seen the defendant visit with the baby even when Delphine was away in Tacoma, Washington with one Greg Humphreys. He called the baby his son and the baby called him "Father." He was familiar with the gifts that were given or at least one of them and he knows that Delphine spent the *909 night with Phillip and, of course, that would have to be circumstantial as he was not there, but he saw them leave the night before and he saw the defendant bring Delphine back the next morning....
A sister-in-law of Delphine, Carolyn Johnson, also testified and she equally corroborated the defendant had said he's the father of the child, that he'd come by and visit with the child, take the child off in his car, and she is familiar with the fact that Delphine spent the night at his house again on the same criteria that I've laid out.
Mr. Jefferson basically testified on cross and then on his own testimony basically denying the relationship claiming that he had two marriages, a separation in between, that he couldn't afford to give these gifts. He admits he did give the Christmas gift out of sympathy for Octavia, the grandmother, who he thought was a problem. She was having a problem because of her husband being ill and the daughter, the mother of the child, being away.
Mr. Batiste (testifying for the defendant) basically added very little to the lawsuit."
As the above reveals, the trial court meticulously considered the testimony before determining that Phillip Jefferson informally acknowledged Phillip Johnson.
Although the witnesses testifying as to the filiation were presented by the plaintiff, the trial court found them believable. Reasonable evaluations of such credibility should not be disturbed on appeal. Carter v. Koehring, 283 So.2d 716 (La. 1973). In this case, the trial court did make a reasonable evaluation, for as the record reveals, the testimony of each witness was conscientiously studied. Furthermore, the defendant had no witnesses except himself to contradict the plaintiff's evidence. The trial court, therefore, committed no error in finding that the plaintiff proved by a preponderance of evidence the filiation between Phillip Johnson and Phillip Jefferson and in ordering Phillip Jefferson to pay child support.
For the reasons assigned, the judgment of the district court is affirmed. The costs of this appeal are assessed against the appellant, Phillip Jefferson.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns reasons.
DOMENGEAUX, Judge, concurring.
I agree with the majority opinion because Phillip Johnson's mother Delphine Johnson, was not married. Had she been, I would take the position that under La.C.C. Article 209 as it presently reads by amendment of Act 720 of 1981, the law would not allow the establishment of Phillip Johnson's paternity or the imposition of child support on Phillip Jefferson. For a decision of the effect and limitations of La.C.C. Article 209 see Fontenot v. Thierry, 422 So.2d 586 (La.App. 3rd Cir.1982), an opinion which I authored.
The majority opinion cites for comparison with Succession of Matte, the 1982 Louisiana Supreme Court case of Malek v. Yekani-Fard, 422 So.2d 1151. Malek, I respectfully suggest, erroneously follows Warren v. Richard, 296 So.2d 813 (La.1974), for the proposition that in proving filiation, the mother's marital status is irrelevant ... See my comments in Fontenot v. Thierry, supra, concerning the Warren v. Richard case. It may be that, through inadvertance, the Supreme Court overlooked the significance of the 1981 amendment of La. C.C. 209, which I now submit should have the effect of legislatively overruling Warren v. Richard to the extent that it allowed proof of filiation regardless of the mother's marital status.
I respectfully concur.