471 So.2d 1064 (1985)
STATE of Louisiana, Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Office of Family Security, In the Interest of Phillip BROWN, Plaintiff-Appellee,
v.
Phillip WILLIAMS, Defendant-Appellant.
No. 84-492.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*1065 John W. Scott, of Craven, Scott, Weeks & Randow, Alexandria, for defendant-appellant.
Carl Koehler, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOUCET, Judge.
As a result of a suit to establish paternity and support obligation brought by the State of Louisiana through the Department of Health and Human Resources (State), Phillip Williams was held to be the father of Phillip Brown and was ordered to pay child support in the amount of $75.00 per month to the State. Williams appeals this ruling. He argues that the State failed to carry its burden of proving the filiation by a preponderance of the evidence.
La.C.C. art. 209 provides the burden of proof applicable in actions for filiation:
"A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment *1066 under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
D. The right to bring this proceeding is heritable."
Phillip Brown's mother, Evelyn Brown, was not married and had never been married at the time of his birth. Philip Brown was, therefore, not entitled to legitimate filiation. He was not legitimated or formally acknowleged under La.C.C. art. 203. As a result, the State must prove filiation by a preponderance of the evidence.
"This standard requires that the evidence, when taken as a whole, must show that the fact or cause sought to be proven is more probable than not."
State v. Essex, 427 So.2d 71 (La.App. 4th Cir.1983), writ denied 430 So.2d 82 (La. 1983).
Evelyn Brown testified at trial that her relationship with Phillip Brown in 1973 and 1974 was her first sexual relationship. She stated that they had sexual relations almost every weekend between May or June, 1973, and the end of 1975. She indicated she did not have sex with any other man during the time she dated Williams. Her younger sisters also testified that to their knowledge, Evelyn did not go out with any other man during that time.
The defendant however, contends that the testimony of Leonard Gaston shows that other men than himself could have been the father of Phillip Brown. That is not the case. Leonard Gaston testified that he had sexual relations with Evelyn Brown on one occasion in the latter part of 1973 but that he joined the Army and left town in January, 1974. While Gaston testified that he came home for weekends occasionally in 1974 and, specifically on March 14, 1974, there is no indication that he had sexual relations with Evelyn Brown. We discount his testimony that "word was out" that Evelyn Brown was dating other men than Williams, since he did not name any specific man or men, and no other men came forward to testify to having dated her. Phillip Brown was born on December 15, 1974. Therefore, it is more than likely that he was conceived in March 1974. He could certainly not have been conceived in late 1973. We find no evidence that he is the child of anyone other than Williams.
Williams further argues that the State failed to show an informal acknowledgement since no continuous unequivocal recognition on his part that Phillip Brown was his child was proven by the state. In State v. Jefferson, 448 So.2d 907 (La.App. 3rd Cir.1984) this court cited Succession of Matte, 346 So.2d 1345 (La.App. 3rd Cir. 1977), stating that:
"informal acknowledgement can prove filiation and that `courts have generally been reluctant to find an acknowledgement (or proof of paternity) unless the father continuously and unequivocally recognize the child as his own.'"
An informal acknowledgement must be unequivocal and of a frequency *1067 which allows little doubt that the alleged father considers himself to be the father of the child. State v. Brooks, 431 So.2d 865 (La.App. 2nd Cir.1983). Evelyn Brown testified that Williams took her to the hospital to have the child and visited her in the hospital the day after the birth of Phillip Brown. She further stated that Williams would visit the child three or four times a week, often bringing baby food or "Pampers", even after she and Williams broke off their relationship at the end of 1975. She testified that every time he came to visit he would ask where his little boy was. Her four sisters corroborated this testimony, adding that he would often bring friends to visit and would introduce to them Phillip Brown as his son. They further testified that he often took the little boy for rides. Evelyn Brown testified that the visits ended in 1978 at her request after Williams took the boy without her permission. No testimony was introduced to rebut this testimony.
"Although the witnesses testifying as to the filiation were presented by the plaintiff, the trial court found them believable. Reasonable evaluations of such credibility should not be disturbed on appeal. Carter v. Koehring, (sic) 283 So.2d 716 (La.1973)."
State v. Jefferson, supra. The trial judge had the opportunity to observe the demeanor of the witnesses on each side. He found that the State had proven paternity by a preponderance of the evidence. The determination by the trial court of whether or not there has been sufficient proof of descent from the alleged parent is a question of fact.
In reviewing the validity of factual findings the appellate court must look to the record as a whole. A review of the record convinces us that the evidence before the trier of fact furnished a reasonable factual basis for the trial court's findings. We cannot disturb this finding in the absence of manifest error. Canter v. Koehring, supra. Our review of the record reveals no manifest error.
The trial court ordered Williams to pay the State $75.00 per month for the support of Phillip Brown.
"In fixing the amount of such an award the court must consider both the needs of the children and the father's ability to pay. State v. Guillory, 407 So.2d 1327 (La.App. 3d Cir.1981); McConkey v. Pinto, 305 So.2d 469 (La. 1975); State v. Watson, [403 So.2d 1249 (La.App. 2nd Cir.1981)]", State v. Essex, supra.
Our review of the record reveals no evidence of the defendant's income, employment or means to pay child support. There is little evidence of the needs of the child. An affidavit of Evelyn Brown's income and expenses was introduced but no testimony was taken with regard to it. As a result, we must remand this case to the trial court for proceedings to receive evidence of the needs of the child and Williams' ability to pay, in order to determine the amount of support which the State is entitled to recover.
Accordingly, we affirm the judgment of the trial court that Phillip Williams is the father of Phillip Brown. We set aside that portion of the judgment ordering Williams to pay child support of $75.00 per month. The case is remanded to determine the amount of support.
AFFIRMED IN PART, SET ASIDE IN PART, AND REMANDED.
DOMENGEAUX, J., concurs & assigns reasons.
DOMENGEAUX, Judge, concurring.
I agree with the majority opinion because Phillip Brown's mother, Evelyn Brown, was not married. Had she been, I would take the position that under La.C.C. Art. 209, as it presently reads, the law would not allow the establishment of Phillip Brown's paternity or the imposition of child support on Phillip Williams. See my concurring opinion in State v. Jefferson, 448 So.2d 907 (La.App. 3rd Cir.1984).
I have not given up hope that the Louisiana Supreme Court will someday, when a *1068 proper case presents itself, recognize that La.C.C. Art. 209, as it is presently amended, legislatively overrules Warren v. Richard, 296 So.2d 813 (La.1974), and Malek v. Yekani-Fard, 422 So.2d 1151 (La.1982), to the extent that those cases allowed proof of filiation regardless of the mother's marital status.
I respectfully concur.