479 So.2d 664 (1985)
Mary Lee ALEX, Plaintiff-Appellee,
v.
HEIRS OF Joseph ALEX, Jr., Defendant-Appellee,
Elgin Sweeper Company, Intervenor-Appellant.
No. 84-823.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1985.
Deutsch, Kerrigan and Stiles, Frederick R. Bott, Patricia M. Joy and Nancy Marshall, New Orleans, for intervenor-appellant.
Gray, Clemons and Spruell, Alcide J. Gray, Lake Charles, for plaintiff-appellee.
L. Donald Foreman, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Mary Lee Alex, on behalf of her then minor child, Kenneth Brooks, and Sheila Brooks sought and obtained a judgment declaring them to be the natural children of Joseph Alex, Jr. The judgment of paternity was decreed after defendants stipulated to paternity and consented to judgment. Appellant, Elgin Sweeper Company, appeals the judgment pursuant to La.C.C.P. art. 2086, maintaining that (1) plaintiffs had no right of action and (2) plaintiffs failed to prove filiation by clear and convincing evidence. We reverse and remand to the district court to determine the status of the Brooks children.
Joseph Alex, Jr. died on July 19, 1983. Two wrongful death suits were filed by persons claiming to be children of Joseph Alex, Jr.[1] Plaintiffs, Kenneth Brooks and *665 Sheila Brooks (Brooks children), rely on the judgment of paternity to establish their filiation to the decedent and thus their right to bring a wrongful death action.
On January 27, 1984, some six months after the death of Joseph Alex, Jr., the Brooks children sued the Heirs of Joseph Alex, Jr. seeking to establish filiation. On February 2, 1984, the Alex Heirs filed a general denial to the petition, but by May 2, 1984, the defendants had acquiesced and consented to judgment. The trial court, on May 2, 1984, after considering the consent judgment, decreed that Kenneth Brooks and Sheila Brooks be declared the natural children of Joseph Alex, Jr. This judgment was signed and filed on May 18, 1984.
On June 22, 1984, the Brooks children and Mary Lee Alex, individually and as natural tutrix of her minor child, Billy Ray Alex, sued Elgin Sweeper Company (Elgin) for the wrongful death of Joseph Alex, Jr. The right to recover wrongful death damages is limited to enumerated classes. The Brooks children brandish the filiation judgment as proof of belonging to the first class of survivors under La.C.C. art. 2315(D)(1)(a): "The surviving spouse and child or children of the deceased, or either such spouse or such child or children." The filiation judgment thus secures entree to the wrongful death action which Elgin must defend.
Elgin intervened in the filiation suit pursuant to La.C.C.P. art. 2086 which provides: "A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." Any one allegedly aggrieved by the judgment of the trial court has the right to appeal, unless he has acquiesced therein, or is otherwise deprived of that remedy. Bradley v. Central Louisiana Electric Company, Inc., 437 So.2d 999 (La.App. 3d Cir. 1983). The filiation judgment aggrieves Elgin in that it precludes the issue of filiation in the wrongful death action. Elgin is entitled to appeal the filiation judgment.
Intervenor alleges that the Brooks children have no right to institute a filiation action. Intervenor avers that the Brooks children were born during the existence of a marriage between Mary Lee Alex and Melvin Brooks. Further, intervenor suggests, the presumption in La.C.C. art. 184 when read in pari materia with La.C.C. arts. 208 and 209[2] operates to preclude presumed legitimate children from bastardizing themselves.
In order to resolve the issue of whether the Brooks children have a right of action, it must first be determined that the presumption of legitimacy under La. C.C. art. 184 actually applies to the children. The trial court did not make this determination, and the appellate record lacks adequate documentation for us to decide if the presumption applies. The trial court did not determine whether the Brooks children were born or conceived during the existence of a marriage. The consent to judgment signed by the defendants *666 declaring the Brooks children to be the natural acknowledged children of Joseph L. Alex, Jr. made other testimony seemingly unnecessary. Therefore, this matter must be remanded for introduction of further evidence; otherwise, injustice may result from the failure to do so.
Although not imperative, we believe appellant's second specification of error should be addressed. Elgin asserts that the Brooks children failed to show filiation by clear and convincing evidence.
As noted earlier, the trial court relied on a consent judgment to determine that the Brooks children are filiated to Joseph L. Alex, Jr. La.C.C. art. 209(B) requires proof of filiation to a deceased parent to be by clear and convincing evidence. This requirement is a departure from earlier law which required mere proof by a preponderance of evidence. The evidence introduced at the trial is insufficient to satisfy the strict burden of proof mandated in La.C.C. art. 209(B). Where, as here, the rights of a third party (Elgin) are concerned, a consent judgment alone does not constitute clear and convincing evidence. Cf. Ryman v. Bourg Truck Line, Inc., 196 So.2d 583 (La.App. 4th Cir.), writs refused, 250 La. 740, 741, 199 So.2d 180, 181 (1967).
For the reasons assigned, the judgment appealed from is reversed and set aside and this matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed to appellees.
REVERSED AND REMANDED.
KNOLL and DOMENGEAUX, JJ., concur and assign reasons.
DOMENGEAUX, Judge, concurring.
I agree with the majority opinion. The law, regardless of how it is stretched, does not and should not allow legitimate children to bastardize themselves under any pretext even though material fruits may follow by so doing.
On remand if it should be determined that the Brooks children are the legitimate children of Mary Lee Alex and Melvin Brooks, they should not be allowed to seek filiation through the decedent, Joseph Alex, Jr. I respectfully submit that any cases in the jurisprudence to the contrary are erroneous.
My views on this subject are more thoroughly detailed in the following cases: Fontenot v. Thierry, 422 So.2d 586 (La. App. 3rd Cir.1982); Succession of Payne v. Payne, 426 So.2d 1355 (La.App. 3rd Cir. 1983), concurring opinion; State of Louisiana, In Re Johnson v. Jefferson, 448 So.2d 907 (La.App. 3rd Cir.1984), concurring opinion; and State of Louisiana, In Re Phillip Brown v. Phillip Williams, 471 So.2d 1064 (La.App. 3rd Cir.1984) concurring opinion.
For emphasis I repeat what I said in the latter case:
"I have not given up hope that the Louisiana Supreme Court will someday, when a proper case presents itself, recognize that La.C.C. Art. 209, as it is presently amended, legislatively overrules Warren v. Richard, 296 So.2d 813 (La. 1974), and Malek v. Yekani-Fard, 422 So.2d 1151 (La.1982), to the extent that those cases allowed proof of filiation regardless of the mother's marital status."
I respectfully concur.
KNOLL, Judge, concurring.
I concur with the majority that a consent judgment alone does not meet the standard of proving filiation by clear and convincing evidence as required by La.C.C. Art. 209(B). However, I do not agree with the majority that whether the Brooks children have a right of action is determinative upon resolving the presumption of legitimacy under La.C.C. Art. 184. The fact that the Brooks children may be the legitimate children of A and B but the illegitimate children of C does not preclude them from bringing suit for the wrongful death of C if they can prove filiation as required by La.C.C. Arts. 208 and 209(B). This court in Thomas v. Smith, 463 So.2d 971 (La.App. 3rd Cir.1985), thoroughly treated the issue as to whether a child may establish filiation, regardless of the circumstances of *667 conception, and held: "This article [Civil Code Article 209] confers the right, on any person regardless of his status as legitimate or illegitimate, to seek the establishment of filiation." (Emphasis added.) In accord see Finnerty v. Boyett, 469 So.2d 287 (La.App. 2nd Cir.1985). To hold otherwise would be a return to the long and painful history of punishing illegitimate children for the conduct of their natural parents. Since 1979, our Civil Code has redressed this injustice and provides for the rights of illegitimate children if filiation is proven.
For the foregoing reasons, I concur in the results reached by the majority.
NOTES
[1] Mary Lee Alex individually and as the natural tutrix of her minor child, Billy Ray Alex and Kenneth Brooks and Sheila Faye Brooks v. Elgin Sweeper Company, No. 84-3200 of 14th JDC, Parish of Calcasieu, State of Louisiana and

Robert Alex, Gena Alex, Brenda Alex Booker and Linda Alex Crowder v. Elgin Sweeper Company, No. 84-3400 of 14th JDC Parish of Calcasieu, State of Louisiana.
[2] La.C.C. art. 184 provides: "The husband of the mother is presumed to be the father of all children born or conceived during the marriage."

La.C.C. art. 208 provides: "In order to establish filiation, a child who does not enjoy legitimate filiation or who has not been filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must institute a proceeding under Article 209."
La.C.C. art. 209 provides:
"A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
C. The proceeding required by this Article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation.
D. The right to bring this proceeding is heritable."