486 So.2d 1047 (1986)
Elizabeth Robinson SHARFF, Appellee,
v.
David Daniel TANNER, Appellant.
No. 17639-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1986.
*1048 Donald E. Miller, Shreveport, for appellant.
Waddell, Irvin & Thomas by R. Lee Irvin, Shreveport, for appellee.
Before HALL, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
Defendant, David Daniel Tanner, appeals the trial court's entry of a default judgment declaring him the biological father of a minor child and ordering him to pay $250 per month child support. On appeal, he asserts four assignments of error. For reasons expressed we affirm.
On May 9, 1985, plaintiff, Elizabeth Robinson Sharff, filed suit to have defendant declared the father of the minor child, Joseph Daniel Sharff, born to her on March 28, 1985. She also sought child support from the defendant in the amount of $250 *1049 per month and prayed to have the child's name changed to Joseph Daniel Tanner.
On May 13, 1985 pursuant to LSA-R.S. 13:4752 a copy of plaintiff's petition was served on Paul Carmouche, Caddo Parish district attorney. On May 14, 1985, another copy of the petition was allegedly personally served on the defendant, David Daniel Tanner. However, the sheriff's return of service indicates that the copy was served on a James Daniel Tanner. It cannot be determined from the record whether the return contained a typographical error or whether James Daniel Tanner and the defendant are the same person.
On June 21, 1985, over one month after service, plaintiff moved for and was granted a preliminary default. The confirmation hearing was held on June 26, 1985. On that same day the district attorney filed a document entitled an "answer," stating that he had no objection to the proposed name change.
At the confirmation hearing, Ms. Sharff testified that she and the defendant were living together and having relations at the time the baby was conceived. She further testified that she was not having relations with any other men during this time and that no one else could be the father of the child. This testimony was then corroborated by plaintiff's witness, Bonnie Moss. Ms. Sharff further testified that in her presence, prior to the child's birth, defendant told his grandmother that he was the father of the child and that defendant had never denied his paternity of the child to plaintiff. Counsel for Ms. Sharff also introduced affidavits of income and expenses for her and the child to establish her need for child support.
Prior to entering judgment the trial court was advised of the so-called "answer" filed by the district attorney. The trial court entered judgment finding Ms. Sharff had produced sufficient proof of paternity and decreeing the defendant to be the biological father of the minor child. The trial court also ordered the defendant to pay $250 per month in child support and ordered the child's name changed to Joseph Daniel Tanner.
From this default judgment, defendant appeals asserting four assignments of error.

DISCUSSION

ASSIGNMENT NO. 1
In his first assignment of error defendant contends the trial judge erred in finding the evidence presented sufficient to establish his paternity. LSA-C.C.P. art. 1702 requires that a default judgment must be confirmed by proof sufficient to establish a prima facie case. This means that in securing a default judgment the plaintiff must prove all the essential allegations of his petition as fully as if they had been denied. Allen v. Brandt, 438 So.2d 712 (La.App. 2d Cir.1983). Under LSA-C.C. art. 209, proof of filiation to an alleged living parent must be made by a "preponderance of the evidence." This standard requires that the evidence, taken as a whole, must show that the fact or cause sought to be proven is more probable than not. State v. Essex, 427 So.2d 71 (La.App. 4th Cir.1983), writ denied 430 So.2d 82 (La. 1983).
In State Through Dept. of Health v. Williams, 471 So.2d 1064 (La.App. 3d Cir. 1985), a trial court's finding of paternity was held to satisfy proof by a preponderance, where the record established that it was likely that the child was conceived during the time the mother and father had sexual relations; and where the mother testified that she did not have sex with any other men during the time of conception.
In State v. Watson, 403 So.2d 1249 (La. App. 2d Cir.1981), sufficient proof of paternity was provided when the mother testified that she dated the alleged father exclusively for more than one year immediately preceeding the birth of the child; that she had no other sexual relations during the time of conception, and her testimony was substantially corroborated by other witnesses.
*1050 In the instant case defendant argues the plaintiff failed to prove the necessary elements of paternity. In making this argument, defendant quotes portions of the testimony out of context and attempts to construe them in his favor. For example, defendant contends that the plaintiff never testified that she had sexual relations with him. He argues that the plaintiff merely testified that she had "relations" with him and this could refer to many variable types of "relations" from social to business. Defendant also contends the plaintiff never specifically testified that the defendant was the father of the child; that plaintiff only testified that "David Tanner" was the father and this was not shown to be the same David Daniel Tanner as defendant; and finally that plaintiff never specifically testified that defendant was the father of "Joseph Daniel," the minor child. These arguments are without merit. In reviewing the validity of factual findings such as this, an appellate court should look to the record as a whole. State Through Department of Health v. Williams, supra. Here, the record reveals that Mrs. Sharff expressly testified that she lived with defendant during 1984 and had "relations" with him at the time of conception; that she did not have relations with any other men during this time; that no one else could be the father of the child and that "David Tanner" was the father of the child. Viewing this testimony in its proper context, we find it sufficiently establishes that the plaintiff and defendant were living together and having sexual relations at the time of the child's conception, that plaintiff had no other sexual relations during this time and that plaintiff is positive that defendant is the father of the child. Any other interpretation strains one's common sense.
Defendant next argues that the testimony shows that the plaintiff had a husband and that no evidence was adduced to show that the marriage had terminated. At the confirmation hearing the following colloquy occurred:
Q. Have you had any contact with your husband or with David Tanner since the birth of the child?
A. Yes.
Appellee points out in brief that the mention of the word "husband" was inadvertent and that trial counsel immediately attempted to clarify the mistake by adding the defendant's name to the question. Considering the testimony as a whole, we find appellee's construction of the testimony to be the more accurate one. While counsel could have more carefully framed his question, Ms. Sharff and the trial judge obviously realized that counsel's question referred solely to the defendant. This is reflected in the very next question and answer:
Q. Has he ever denied that the child is his?
A. Not to me.
We simply refuse to entertain such a hypertechnical construction of the testimony extrapolated from the record solely for the purpose of argument.
Defendant also objects to plaintiff's evidence that he publicly acknowledged the child was his to his grandmother, since his grandmother was not called to testify. He further objects to the acknowledgment on the basis that it did not meet the requirements for an informal acknowledgment as set forth in the case of IMC Exploration Co. v. Henderson, 419 So.2d 490 (La.App. 2d Cir.1982), writ denied 423 So.2d 1149, 1150 (La.1982). An informal acknowledgment must be of a continuous, habitual and unequivocal nature and of sufficient frequency that there can be little doubt that the alleged father truly believes himself to be the father of the child. Thomas v. Smith, 463 So.2d 971 (La.App. 3d Cir.1985), citing IMC Exploration Co. v. Henderson, supra. Thus, it appears that defendant's single statement to his grandmother would not rise to the level of an informal acknowledgment. However, this finding does not prevent a determination of paternity. Official comment (b) to LSA-C.C. art. 209 expressly provides that proof of filiation may include, but is not limited to "informal acknowledgment." Thus, informal acknowledgment is merely one method of *1051 proving filiation. It is by no means the only method. See Watson, supra. Moreover, even though defendant's statement does not rise to the level of an informal acknowledgment it may still be considered in determining whether plaintiff has satisfied her burden of proof. Defendant's objection to the statement on the basis that his grandmother was not called to testify also lacks merit. Here, the evidence shows that defendant was living with Ms. Sharff and having sexual relations with her at the time of conception; Ms. Sharff was not having sexual relations with anyone else during this time and she testified defendant was the father of the child. Admittedly, this is a close case and plaintiff could have presented more evidence. However, in the absence of any contrary evidence we conclude that the trial court was not clearly wrong in finding plaintiff proved filiation by a preponderance of the evidence. Williams, supra; and Watson, supra.[1]

ASSIGNMENT NO. 2
By this assignment defendant raises two issues. First, he argues that the evidence fails to show the child was properly represented in court and that neither the plaintiff's nor defendant's majority was ever established. Second, he argues the court lacked jurisdiction under LSA-C.C.P. arts. 10, subd. A(8), 6.
In his first argument he submits that under LSA-C.C.P. art. 683 an unemancipated minor lacks the procedural capacity to sue or to be sued, and that therefore a tutorship needed to be opened to properly represent the minor child. Defendant further submits that if he were shown to be a minor, a tutor would also need to be appointed to represent him. This argument is essentially one of procedural capacity. Under LSA-C.C.P. art. 855 procedural capacity is presumed unless properly challenged by a dilatory exception. If this dilatory exception is not timely raised before an answer or default it is waived. Sarratt v. Cappaert Enterprises, 442 So.2d 783 (La.App. 5th Cir.1983), writ denied 446 So.2d 1225 (La.1984); Franks v. Mercer, 401 So.2d 470 (La.App. 2d Cir. 1981); Nicosia v. Guillory, 322 So.2d 129 (La.1975); LSA-C.C.P. arts. 926(6), 928. Here, the record reveals that defendant never raised the dilatory exception of procedural capacity. Therefore, any objection to procedural capacity has been waived and cannot be urged for the first time on appeal.
Defendant next argues that the trial court was without jurisdiction under LSA-C.C.P. art. 10, subd. A(8) which provides for status jurisdiction over paternity actions and art. 6 which provides for jurisdiction over the person. In pertinent part, LSA-C.C.P. art. 10, subd. A(8) provides:
Louisiana courts shall have jurisdiction over an action to establish parentage and support ... if the child is domiciled in or is in this state, and was either born in this state, born out of state while its mother was domiciled in this state, or acknowledged in this state. (emphasis added)
Here, while the child's domicile was not expressly alleged, Ms. Sharff's petition does set forth her domicile and that of the alleged father as Louisiana. Moreover, at the confirmation hearing Ms. Sharff specifically testified that she resides in Louisiana. Under LSA-C.C. art. 39, the domicile of an unemancipated minor is that of her father, mother, or tutor. Thus, by establishing her own domicile Ms. Sharff effectively established the domicile of the child. Therefore, the trial court had status jurisdiction *1052 over this matter under LSA-C.C.P. art. 10, subd. A(8).[2]

ASSIGNMENT NO. 3
By this assignment defendant contends the trial judge erred in entering a default judgment in the case on the same day that the district attorney filed an "answer." This, he claims, conflicts with local rules that provide default judgments will not be taken up until seven full days have elapsed since the filing of an answer. Specifically, defendant refers to local rule 5, § 3(e). In pertinent part, it permits hearing at motion hour of:
(e) Trial of cases in which defendant is represented by an appointed attorney under C.C.P. art. 5091 and trial of uncontested cases in which answers have been filed when all parties or their counsel are present and consent thereto, provided no such cases will be heard earlier than the seventh calendar day after the answer is filed.
The district attorney's so-called "answer" was merely a statement that he did not object to that part of the plaintiff's petition requesting the minor's name change. Moreover, the trial court was expressly advised before entering judgment that the district attorney had filed his statement. The trial judge apparently determined that this pleading did not qualify as an answer contemplated by local rule 5, § 3(e) and proceeded to enter the judgment of default. This "answer" is a required procedural step under LSA-R.S. 13:4752 in any suit to change name. It had little or no impact on the trial court's determination of paternity in the instant case. In fact, had plaintiff desired to do so, she could have instituted a separate suit for the requested name change and still proceeded with her paternity suit. Under these circumstances, we find the trial court could have reasonably determined that the pleading filed into the record by the district attorney did not qualify as the type of answer intended by local rule 5, § 3(e). It is well recognized that courts are the best exponents of their own rules and their interpretation of a particular rule should not be disturbed on appeal unless there has been a manifest abuse of discretion. Brumfield v. Brumfield, 178 So.2d 379 (La.App. 1st Cir.1965), writ refused 248 La. 435, 179 So.2d 274 (1965); 20 Am.Jur.2d, Courts § 86. Moreover, under Local Rule 19, § 3 of the First Judicial District Court, a trial judge may in his discretion, deviate from the local rules in the interest of the more efficient administration of justice. Finding no manifest abuse in the instant case, we defer to the trial court's discretion.

ASSIGNMENT NO. 4
In his fourth and final assignment of error defendant contends that the trial court erred in entering a default judgment when the date of service was misrepresented to the court and when the citation showed personal service on someone other than the defendant.[3]
First, the transcript reflects that plaintiff's counsel did represent to the court at the confirmation hearing that service on the defendant was made on May 4, 1985. The record shows, however, that plaintiff's petition was not filed until May 9, 1985. The sheriff's return indicates service on the defendant was not accomplished until May 13, 1985. However, counsel's error does not affect the validity of the default judgment in the instant case. Under LSA-C.C.P. art. 1001, a defendant has only 15 days from the date of service to answer. The crucial date is that on which plaintiff moves for a preliminary default pursuant to LSA-C.C.P. art. 1701. Here, when plaintiff requested a preliminary default *1053 on June 21, 1985, the record showed that service had been accomplished on May 14, 1985. Thus, on the basis of the record before the court, 37 days had elapsed between service and request, so the court was entitled to enter preliminary default. There is no indication that the court relied on the misrepresented service date of May 4, 1985 in granting a preliminary default. In fact, the record reflects that the trial court was not incorrectly advised of the service date until the confirmation hearing on June 26, 1985. Accordingly, we find this argument lacks merit.
In the second part of his fourth assignment defendant contends the trial court erred in granting a default judgment when the return seemingly showed personal service on someone other than the defendant. The return provides that personal service was made on the "within named David Daniel Tanner ... by handing a certified copy ... to James Daniel Tanner." Although defendant seems to raise the possibility, he never expressly denies having actually been served. Rather, he only argues that the discrepancy in the names causes the service to be improper and therefore mandates a reversal. Such an attack on the correctness of a return or the sufficiency of service of process may not be raised for the first time on appeal. Rather, it should be raised in a suit to annul the judgment where the defendant can offer proof that he was never actually served. Decca Leasing Corp. v. Torres, 465 So.2d 910 (La.App. 2d Cir.1985), writ denied 468 So.2d 1211 (La.1985); Tucker v. Howes, 413 So.2d 585 (La.App. 1st Cir. 1982). See also, Custom Acceptance Corp. v. Paul, 376 So.2d 510 (La.App. 4th Cir.1979), where such an action for nullity was brought. The same rule is applicable to appellant's argument in his second assignment of error, where he also complains of defective service.[4] We refuse to treat the issue of improper service, the correctness of the return or sufficiency of citation on this appeal.
Accordingly, we affirm the trial court's judgment.
Costs of this appeal are assessed one-half to appellee and one-half to appellant.
AFFIRMED.
NOTES
[1] Parenthetically, we note the plaintiff did not prove the child's illegitimacy. However, the Louisiana Supreme Court's recent holding in Griffin v. Succession of Branch, 479 So.2d 324 (La.1985), strongly suggests that such proof is not required. In Griffin, the Supreme Court held that even children presumed to be legitimate are entitled to institute an action under LSA-C.C. art. 209 in order to establish their filiation to an alleged biological parent. Since Griffin grants both illegitimates and presumed legitimates the right to bring a filiation action, it only logically follows that proof of illegitimacy is not required in a paternity or filiation proceeding.
[2] Defendant also argues lack of personal jurisdiction under LSA-C.C.P. art. 6. This is basically the same argument he raises in assignment four. Our opinion addressing assignment four will apply equally to this aspect of the instant argument.
[3] While appellant contends the citation shows service on someone other than the defendant, we note that it is actually the return that does so.
[4] See footnote 1, supra.