597 So.2d 1205 (1992)
Nathaniel BARNES, Plaintiff-Appellee,
v.
POWERHOUSE, INC. & Cigna, Defendants-Appellants.
No. 90-1135.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*1206 Sutherland, Juge, Kelann E. Larguier, New Orleans, for defendants-appellants.
Haik & Minvielle, Paul Landry, Glenda Huddleston, New Iberia, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and LABORDE and PATIN[*], JJ.
JOHN A. PATIN, Judge Pro Tem.
Nathaniel Barnes filed suit against defendants claiming that he was entitled to twenty thousand dollars as the surviving father of Burke Phillips. From a judgment favorable to the plaintiff, defendants appeal.
On September 21, 1988, Burke Phillips, was pressure testing pipe for appellant Powerhouse, Inc. at the Union Oil of California Company yard on Highway 42, Intercoastal City, Louisiana. While in the course and scope of this employment a hammer union and pipe attachment burst, hitting Burke Phillips in the head and causing him injury resulting in his death on September 23, 1988. At his death, Burke Phillips was unmarried and left no legal dependents. Under these circumstances La.R.S. 23:1231 dictates that, "... twenty thousand dollars shall be paid to each surviving parent of the deceased ..." It is uncontested that Burke Phillips was survived by his mother, Doris Phillips Bowser. However, an issue exists as to whether Burke Phillips was also survived by a father, appellee Nathaniel Barnes. Appellee claims to be Burke Phillips' biological father even though he was never married to Doris Phillips Bowser.
The trial court, after hearing the testimony of Doris Phillips Bowser, Mrs. Bowser's mother, one of appellee's children from his marriage, Mrs. Breuer (a social worker) and appellee himself, held in favor of appellee, finding that appellee had carried his burden of proof in establishing that in the community he was regarded to be the father of Burke Phillips, and was in fact his biological father. From this ruling of the trial court and the consequent award of workers compensation death benefits to appellee, appellant appeals.
La.R.S. 23:1231 provides in relevant part:
... if the employee leaves no legal dependents, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.
Thus, in order to qualify for death benefits under the above statute, the appellee had to prove that he was a "surviving parent" of Burke Phillips "the deceased employee".
At trial, appellee presented the testimony of Burke Phillips' mother, Doris Phillips Bowser. She testified that over the course of approximately twelve years the appellee had fathered five of her children, including Burke Phillips. She also testified that during that period of time she saw appellee exclusively and sometimes would see him three or four times a week. Further, that she didn't have any doubt that appellee was the father of Burke Phillips, and also that she did not name appellee on Burke Phillips' birth certificate because appellee was *1207 married (to someone else) and that she did not name appellee as Burke Phillips' father for "welfare" purposes.
Appellee testified that Doris Bowser was his girlfriend at the time he was married to his wife and that she told him that he was Burke Phillips' father. Appellee also testified that he took Doris Bowswer and Burke Phillips to New Orleans when Burke was a child, so Burke could receive medical care for a ruptured navel. He further testified that he would visit Burke Phillips at Doris Bowser's house and sometimes give him money when he met him in the street. Nathaniel Barnes also testified that after his wife died Burke Phillips would visit him at his house. Carolyn Barnes Cummings, appellee's legitimate daughter testified that she had seen appellee going to Doris Bowser's house.
Yvonne Breuer, the eligibility worker for the Department of Public Welfare who visited Doris Bowser every six months from 1965 until 1971, provided evidence via deposition. She stated that she remembered this case because it was a success, and that Doris Bowser had told her that Burke Phillips' father was a man named Barnes; that she remembered the name because she had another client by that name. She had contacted Mr. Barnes, that he lived in Pleasant Hill (as appellee did) and at that early date he did not deny his paternity of Burke Phillips. Yvonne Breuer also stated that she could say with all certainty that Nathaniel Barnes, appellee, was the alleged father of Burke Phillips and that he openly acknowledged Burke Phillips.
The trial court found the above evidence to be "convincing, credible, and accurate," and furthermore:
There was no evidence or representation that Doris Phillips Bowers (sic) may have conceived the decedent (Burke Phillips) or her other four children with any other man. Moreover there was no evidence that in the community, the decedent was reputed to be the child of another man.
As we have previously stated:
... (t)he determination by the trial court of whether or not there has been sufficient proof of descent from the alleged parent is a question of fact State through Department of Health v. Williams, 471 So.2d 1064 (La.App. 3d Cir.1985)
After reviewing the record in its entirety we agree with the trial court's determination that appellee has proved his filiation to Burke Phillips.
Appellant would have us reverse the trial court on the authority of cases dealing with whether a biological father should be allowed visitation rights, and others dealing with entitlement to damages under La.Civ. Code art. 2315. These cases, although helpful in their respective areas of law, have little application to the instant case. Cases dealing with whether a biological father should be allowed visitation rights and others dealing with entitlement to damages under La.Civ.Code art. 2315 involve different policies and are reasoned using different statutes than those present here.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Judge John A. Patin, retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.