422 So.2d 1151 (1982)
Ms. Rubayah Abdul MALEK, as next friend on behalf and in the Interest of a Conceived, Unborn and Unnamed Infant
v.
Seyed Nasrollah YEKANI-FARD, and the Conceived, Unborn and Unnamed Infant.
Nos. 82-C-0621, 82-C-0644.
Supreme Court of Louisiana.
November 29, 1982.
*1152 Richard C. Cadwallader, Baton Rouge, for relator in No. 82-C-0621 and for respondent in No. 82-C-0644.
William D. Beck, Jr., Joe E. Thompson, Beck & Thompson, Baton Rouge, for respondent in both cases.
Benn Hamilton, Capital Area Legal Service Corp., Baton Rouge, for relator in No. 82-C-0644 and for respondent in No. 82-C-0621.
WATSON, Justice.
Plaintiff, Rubayah Abdul Malek, filed this suit on behalf of herself and an unborn child, seeking to establish the child's paternal filiation and obtain support. Plaintiff asked for: custody; a judgment decreeing the child's legal relationship to the defendant, Seyed Nasrollah Yekani-Fard; support payments; and injunctive relief to restrain removal of defendant's assets from the jurisdiction of the court. Temporary restraining orders issued to prevent alienation or removal of defendant's assets. By agreement of the parties, $6,000 was released, but the balance awaits final determination of the suit.
Defendant filed a dilatory exception of prematurity and peremptory exceptions of no right and no cause of action, alleging that the unborn child lacks standing and plaintiff is the legal wife of another man.[1] The trial court dismissed the suit as premature "because that child has not been born." (Tr. 32) The Court of Appeal declined to review the ruling. Separate writ applications were then made: one by the curator named for the unborn child and another by the mother. Writs were granted to review the ruling of the trial court. Malek v. Yekani-Fard, 412 So.2d 1114 (La., 1982). It is alleged that the unborn child is now an infant daughter.
In sustaining the exception of prematurity, the trial court held that a cause of action had not come into existence because a prerequisite condition, birth, had not taken place. Steeg v. Lawyers Title Insurance Corporation, 329 So.2d 719 (La., 1976). Malek's claim for prenatal and natal expenses was apparently regarded as dependent on a paternity adjudication. It cannot otherwise be termed premature.[2]
The issue is whether a suit to prove filiation and obtain support for an unborn child can be brought prior to its birth. That issue may be moot here but will undoubtedly arise again. Because the appellate process is slower than the human gestation period, the question could forever evade review and should be decided. Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).[3]
Plaintiff contends, correctly, that an unborn child has prenatal and natal expenses. Responsibility for these expenses, like the child's postnatal right to support, rests with both parents. The controversy concerns the property rights, if any, of an unborn child. Proof of filiation establishes *1153 entitlement to support and heirship. LSA-C.C. arts. 954,[4] 1482;[5] LSA-R.S. 14:74; State v. Manning, 390 So.2d 494 (La., 1980); Succession of Brown, 388 So.2d 1151 (La., 1980). "All rights that are susceptible of pecuniary evaluation are property in the sense that they are guaranteed by the legal order and form a part of a person's patrimony." 2 La.Civ.Law Treat. (Yiannopoulos)[*] 2d at page 3. Thus, parental filiation with consequent entitlement to support and heirship is a property right of an unborn child.
"... [I]n the law of property an unborn child is regarded as in esse [in being] from the time of conception; ..." 24 Tulane L.Rev. 442.
"... [T]he child not yet born is already, from the time of its conception, capable of acquiring rights.
* * * * * *
"This anticipated personality recognized in behalf of the child, may also produce concrete effects. This takes place either where there is a question of acquiring a new nationality, or of the voluntary recognition of natural paternity or maternity, or of a right to an allowance in the case of a workman's accident which happened to its father.
* * * * * *
"... But this personality is admitted only in the interest of the child." Planiol, Civil Law Treatise, Vol. I, Part 1, § 367, p. 245.
LSA-C.C. art. 29 provides that:
"Children in the mother's womb are considered, in whatever relates to themselves, as if they were already born; thus the inheritances which devolve to them before their birth, and which may belong to them, are kept for them and curators are assigned to take care of their estates for their benefit."
Thus, the Louisiana Civil Code clearly provides that an unborn child has standing to assert property rights.
The status of unborn children in the criminal law is, of course, different. "In the criminal law, it has long been settled that no person may be the subject of a homicide until he has been born alive." 24 Tulane L.Rev. 437. Compare LSA-R.S. 14:2(7). See State v. Brown, 378 So.2d 916 (La., 1980). A child in utero is not a citizen. Harman v. Daniels, 525 F.Supp. 798 (1981). The word "person" in the Fourteenth Amendment to the United States Constitution does not include the unborn. Roe v. Wade, supra. However, Roe recognizes that unborn children can acquire property rights. As in Louisiana, "[P]erfection of the interests involved, ..., has generally been contingent upon live birth." Roe v. Wade, 410 U.S. 163, 93 S.Ct. 731. See LSA-C.C. art. 28. In tort, on the other hand, Louisiana parents may recover damages for prenatal injuries, even though the child is stillborn. Danos v. St. Pierre, 402 So.2d 633 (La., 1981).
Illegitimates and those acting on their behalf can claim natal expenses and support from their biological fathers. McConkey v. Pinto, 305 So.2d 469 (La., 1974); Rousseau v. Bartell, 224 La. 601, 70 So.2d 394 (1954). There is no reason to draw a distinction between prenatal and natal expenses, or to make responsibility for the latter await birth. On the contrary, Louisiana specifically recognizes an unborn child's rights in property matters.
*1154 It is argued that this mother has a legal husband. Her marital status is irrelevant except for any weight it may have at trial in proving or disproving filiation. "[I]t is the biological relationship and dependency which is determinative of the child's rights in these cases, and not the classification into which the child is placed by the statutory law of the State." Warren v. Richard, 296 So.2d 813 at 817 (La., 1974).
It is obviously of great consequence to a child to be born recognized as the son of a particular father. There is no reason why this status cannot be adjudicated between conception and birth.[6] A father may acknowledge his natural child by reference to the mother whom he has impregnated. Planiol, supra, § 1475, p. 808.
"Acknowledgement may take place at all times. It may occur before the child's birth, during the mother's pregnancy, when the father, for example, fears that he may die before his child's birth. It is true that the act is performed in favor of an inexistent person. Here is however an instance where this maxim applies: `Infans conceptus pro nato habetur', because it operates in the interest of the child." Planiol, supra, § 1480 at p. 812.
Since a voluntary acknowledgement may be made before birth for the benefit of the unborn child, it should also be possible to judicially establish paternity before birth. Barring an action to establish paternity until after birth delays receipt of any benefits long after that event. An early resolution of the question is in the interest of both the child and the state.
An action to prove filiation can be brought by a child or one acting "on his behalf". LSA-C.C. art. 209.[7] It may be brought "where conception occurred." LSA-C.C.P. art. 74.1.[8] These procedural articles indicate that the action need not await birth.
Since unborn children are regarded by the law as already born in property matters undertaken for their benefit, the trial court erred in sustaining the exception of prematurity. For the foregoing reasons, the judgment of the trial court herein is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
DIXON, C.J., and CALOGERO, J., concur.
MARCUS, J., dissents and assigns reasons.
DENNIS, J., concurs with reasons.
MARCUS, Justice (dissenting).
I agree that responsibility for pre-natal and natal expenses, like the child's postnatal right to support, rests with both parents. However, I do not consider that these property *1155 rights accrue to a child until the child is born alive. La.Civ.Code art. 28 provides that: "Children born dead are considered as if they had never been born or conceived." The plain and clear meaning of art. 28 is that only when a child is born and born alive can it be determined that the child has a cause of action. Accordingly, I respectfully dissent.
NOTES
[1] Plaintiff alleged in her petition that she and defendant had a Moslem marriage ceremony and lived as husband and wife.
[2] Planiol notes that the mother's action for indemnity against her seducer is separate and apart from that belonging to the child. Planiol Civil Law Treatise, Vol. I, part 1, § 1524, p. 838.
[3] In addition, if the suit was premature when filed, it must be dismissed and refiled. The dismissal would cancel plaintiff's injunctive relief.
[4] LSA-C.C. art. 954 provides:

"The child in its mother's womb is considered as born for all purposes of its own interest; it takes all successions opened in its favor since its conception, provided it be capable of succeeding at the moment of its birth.
"And the child legitimated by a marriage posterior to its conception only takes those successions which are opened since the marriage of the father and mother."
[5] LSA-C.C. art. 1482 provides:

"In order to be capable of receiving by donation inter vivos, it suffices to be conceived at the time of the donation.
"In order to be capable of receiving by last will, it suffices to be conceived at the time of the decease.
"But the donations or the last will can have effect only in case the child should be born alive."
[*] Professor A. N. Yiannopoulos, W. R. Irby, Professor of Law, Tulane University.
[6] A child can only be disavowed after birth. This is because "[T]he maxim that a child merely conceived is deemed to be born is applicable solely in its interests." Planiol, supra, Vol. I, § 1426, p. 783. Here, we are not dealing with disavowal, contrary to a child's interests, but establishing paternity, favoring a child's interests.
[7] LSA-C.C. art. 209 provides:

"A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgement under Article 203 must prove filiation by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
"B. The proceeding required by this Article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation.
"C. The right to bring this proceedings is heritable."
[8] LSA-C.C.P. art. 74.1 provides:

"An action to establish filiation and support of a child may be brought in the parish: (1) of the domicile of the child, (2) where the conception occurred, (3) where either parent resided at the time of conception, (4) where an act of acknowledgement of the child occurred, or (5) where the birth of the child occurred.
"An action to disavow filiation may be brought in the parish of the child's birth, or where either parent resided at the time of that birth."