451 So.2d 669 (1984)
Ms. Rubayah Abdul MALEK, etc.
v.
Seyed Nasrollah YEKANI-FARD, etc.
No. 83 CA 0725.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*670 Richard C. Cadwallader, Baton Rouge, for plaintiff-appellant Ms. Rubayah Abdul Malek, as Next Friend on Behalf and in the Interest of a Conceived, Unborn and Unnamed Infant.
Benn Hamilton, Baton Rouge, for minor child Sharifah Suhaila Yekani-Fard.
Joe E. Thompson, Baton Rouge, for defendant-appellee Seyed Nasrollah Yekani-Fard.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Rubayah Abdul Malek (plaintiff) filed suit on behalf of herself and her unborn child seeking to establish paternal filiation *671 and to obtain support from Seyed Narollah[1] Yekani-Fard (defendant) who was alleged to be the father of the child. The petition further alleged that defendant was a foreign student from Iran who was enrolled at Southern University and that plaintiff had reason to believe that defendant planned to permanently leave the State of Louisiana and to remove all of his assets from the jurisdiction of the court. Contending that irreparable injury would result to the child if defendant removed all of his assets from the jurisdiction of the court, plaintiff requested that injunctive relief be granted. Temporary restraining orders were issued enjoining (1) defendant from removing his property from the Parish of East Baton Rouge, (2) City National Bank from disbursing any funds to defendant, (3) Southern University from delivering any funds, transcripts or other property to defendant, and (4) defendant from harassing plaintiff.
Defendant filed the dilatory exception of prematurity and the peremptory exceptions of no right and no cause of action asserting that the unborn child lacked standing and that plaintiff was the legal wife of another man. The trial court sustained the exception of prematurity and dismissed the suit "for the reason that the child has not been born." The judgment specified that the temporary restraining orders were to remain in effect pending action on the writ application. This court denied the writ stating that "[t]he ruling of the trial court is correct. The stay order issued by the trial court shall remain in effect until March 16, 1982, in order to allow the parties to apply to the Louisiana Supreme Court for writs, if they so desire." The Supreme Court granted the writ and reversed. The court stated that "[s]ince unborn children are regarded by the law as already born in property matters undertaken for their benefit, the trial court erred in sustaining the exception of prematurity." Malek v. Yekani-Fard, 422 So.2d 1151, 1154 (La.1982). The court further stated that plaintiff's "marital status is irrelevant except for any weight it may have at trial in proving or disproving filiation." Malek, 422 So.2d at 1154. The case was remanded for further proceedings. On remand, a hearing was conducted on the issue of whether or not a preliminary injunction should issue. The trial court found that it had "no power, right, jurisdiction or authority to issue a preliminary injunction, or conservatory writ or order to freeze funds of the defendant, Seyed Nasrollah (sic) Yekani-Fard, in the hands of the City National Bank of Baton Rouge." In oral reasons for judgment the trial judge stated that "I believe that this Court's jurisdiction is limited to community funds, community property" and that "[u]nder the Laws of the State of Louisiana, these persons were not legally married nor were they putatively married. Therefore, the injunction is denied." The temporary restraining order which restrained defendant from harrassing plaintiff was continued in full force and effect. Plaintiff appealed that portion of the judgment which vacated the temporary restraining order issued to City National Bank and which refused to grant a preliminary injunction due to an asserted lack of jurisdiction. The appeal order signed by the Family Court provided that "a stay order is hereby issued suspending the effect of the portion of the Judgment of April 13, 1983, which recalled, vacated and terminated the temporary restraining order issued to the City National Bank of Baton Rouge until such a time as the appeal herein has been decided by the Court of Appeal, First Circuit, State of Louisiana."
The record reveals that the following events occurred on the following dates:
(1) On May 14, 1981, a marriage license was issued which authorized a marriage between plaintiff and Jack Dwayne Folds;
(2) On May 28, 1981, a contract of marriage was signed in the Islamic Center of New Orleans between plaintiff and defendant;

*672 (3) On June 4, 1981, plaintiff and Folds were married in Baton Rouge by a City Court judge;
(4) On April 10, 1982, plaintiff gave birth to a child whose name appears on the birth certificate to be Sharifah Suhaila Yekani-Fard; and
(5) On March 29, 1983, a judgment was signed which stated that the child was not the child of Folds and which granted a divorce between plaintiff and Folds.
Defendant testified that he married plaintiff at the Islamic Center in New Orleans but that he only intended to be married to her for two weeks. He stated that he never applied for a marriage license nor did he take a blood test.
Plaintiff testified that she had a Masters Degree in Agronomy from Louisiana State University, that she called the Clerk of Court's Office and learned of the necessary requisites for a valid marriage, that she obtained a marriage license to marry Folds, that two weeks later she married defendant, and that she later married Folds. She stated that she made all of the necessary arrangements for her marriage to Folds. She said that she was aware of the fact that she needed a marriage license and a blood test in order to be validly married under the laws of this State. She admitted that she did not obtain a marriage license to marry defendant. She stated that she and defendant had discussed the situation and decided not to get married under the laws of this State so that she could marry Folds and thereby obtain a "green card" which would enable her to work in the State.
Plaintiff says that the trial court erred in refusing to grant a preliminary injunction on the grounds that its jurisdiction to issue injunctive relief was limited to community property.
Louisiana Civil Code article 90 provides that:
As the law considers marriage in no other view than that of a civil contract, it sanctions all those marriages where the parties, at the time of making them, were:
1) Willing to contract;
2) Able to contract;
3) Did contract pursuant to the forms and solemnities prescribed by law.

(Emphasis added.)
Although the failure to follow every formal requirement for a valid marriage does not necessarily invalidate it, the record in the instant case reveals that no attempt was made to follow any of the forms or solemnities prescribed by law. The trial judge found that no marriage license was obtained, no blood test was made, and the celebrant did not have a license to perform marriages. He concluded that no legal marriage existed. The record supports his factual findings, and we agree with his conclusion because "[s]uch marriages only are recognized by law as are contracted between a man and a woman and solemnized according to the rules which the law prescribes." (Emphasis added.) La. C.C. art. 88.
La.C.C. art. 117 provides that "[t]he marriage, which has been declared null, produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith." Good faith in the context of the putative marriage doctrine is defined as an honest and reasonable belief that the marriage was valid and that no legal impediment to it existed. Hart v. Hart, 427 So.2d 1341 (La.App. 2nd Cir.1983), writ denied, 433 So.2d 152 (La.1983). Good faith is a factual question, and the finding of the trial judge is entitled to great weight. Hart, 427 So.2d at 1344. The testimony of plaintiff clearly indicates that she was not in good faith. She admitted that she was aware of the formal requisites to a valid marriage and yet she did not comply with any of them. The trial judge correctly found that no putative marriage existed, that no legal marriage existed, and thus that no community property was involved.
The question then becomes whether or not the Family Court for the Parish of East Baton Rouge has jurisdiction to issue injunctive *673 relief in this case notwithstanding the fact that community property was not involved.
La.R.S. 13:1401 provides in pertinent part that:
There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
. . . . .
(7) All actions for divorce, separation from bed and board, annulment of marriages, establishment or disavowal of the paternity of children, alimony and support, custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property.... (Emphasis added.)
We find that the jurisdiction conferred upon the Family Court by La.R.S. 13:1401 encompasses the authority to issue injunctive relief in actions for the establishment of the paternity of children. The Family Court clearly has jurisdiction over actions to establish the paternity of children. Furthermore, the court has jurisdiction over all matters incidental to said actions. Injunctive relief designed to preserve property necessary for support of the child once paternity is established is incidental to the paternity and support action. The statute states that jurisdiction is not restricted to conservatory writs for the protection of community property. We also note that when the Supreme Court found that the suit was not premature, it stated that "[i]n addition, if the suit was premature when filed, it must be dismissed and refiled. The dismissal would cancel plaintiff's injunctive relief." Malek, 422 So.2d at 1152 n. 3. A reasonable inference from this language is that the Supreme Court believed that the Family Court had jurisdiction. For all of the foregoing reasons, we find that the court had jurisdiction.
Because the trial judge was primarily concerned with whether or not the property was community property, questions and answers were restricted to this issue at the trial of the rule. Also, since a hearing was not conducted on the filiation claim, we will remand the case for this purpose.
A preliminary injunction may issue only upon a prima facie showing, either by ordinary proof or by verified petition or affidavits, that the plaintiff will prevail on the merits and that irreparable injury or loss will result without the preliminary injunction. General Motors Acceptance Corp. v. Daniels, 377 So.2d 346 (La.1979). Irreparable injury is considered to be the loss sustained by an injured party which cannot be adequately compensated in money damages or for which such damages cannot be measured by a pecuniary standard. Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La.1981), cert. denied, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982).
In the instant case, plaintiff is seeking a money judgment for the support of her child as well as a judgment establishing filiation. Plaintiff has neither alleged nor proven that she could not be adequately compensated in money damages. For this reason, we do not think that injunctive relief is appropriate in this case. The district court ruling denying the injunction is correct (although not for the reasons given by it) and is affirmed.
Although plaintiff has not requested a writ of attachment, it is mentioned in her brief. We think that a writ of attachment as set forth in La.C.C.P. art. 3541 may be appropriate in this case and that La.C.C.P. art. 3541(4) is particularly applicable. Under the broad equitable powers granted to appellate courts by La.C.C.P. art. 2164, we will afford plaintiff an opportunity to amend her petition to request a writ of attachment. The stay order granted by the trial judge shall remain in effect for ten days to give plaintiff time to seek a writ of attachment.
*674 REVERSED IN PART, AFFIRMED IN PART AND REMANDED.
NOTES
[1] Defendant's name was incorrectly spelled in the caption of this suit.