605 So.2d 7 (1992)
STATE of Louisiana, DEPARTMENT OF SOCIAL SERVICES, OFFICE OF FAMILY SUPPORT, in the Interest of Jakayla Gabrielle Smith, Minor Child of Wanda Jean Davis, Plaintiff-Appellant,
v.
Lawrence WILLIAMS, Jr., Defendant-Appellee.
No. 24,446-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
*8 State of La., Dept. of Social Services by Rudy W. York, for plaintiff-appellant.
Randy E. Collins, Shreveport, for defendant-appellee.
Before HIGHTOWER, VICTORY and STEWART, JJ.
STEWART, Judge.
This appeal in a paternity proceeding challenges the denial of appellant's motion for blood tests to determine paternity. For the reasons hereinafter expressed, we reverse.

FACTS
The State of Louisiana, through the Department of Social Security, Office of Family Support (DOSS), in accordance with authority granted by LSA-R.S. 46:236.1(F) filed a petition to establish filiation on behalf of the minor child, J.S. The DOSS' petition alleges that defendant, Lawrence Williams, Jr. (Williams), is the natural and biological father of J.S. A rule to show cause was also filed for Williams to be ordered to submit to a blood test for the determination of paternity pursuant to LSA-R.S. 9:396, et seq.
Williams filed an answer denying paternity but admitting in his answer to a request for admissions of fact that he engaged in sexual intercourse with Wanda Davis (Davis), the child's mother, on two occasions.
At the hearing on the rule to show cause, Davis stated that she dated Williams in March 1989 and they had sexual intercourse on a regular basis.
DOSS also presented the testimony of Wanda Jackson (Jackson), a friend and former co-worker of Davis, who related that Davis and Williams were involved in a relationship in March 1989 when Davis got pregnant with J.S. Jackson stated that she saw them out on dates and she had dropped Davis off at Williams' work. She also had seen him come to pick Davis up several times from her job. She also stated that, during her close contact with Davis, each work day and on weekends, she never saw Davis' husband.
After hearing the testimony and reviewing the submitted evidence, the trial court ruled that DOSS failed to establish a prima facie case which warranted the issuance of a court order for blood testing to determine paternity. The trial court noted in his reasons for judgment: (1) the presumptive father is listed on the birth certificate; (2) the divorce judgment awarded custody and support of the child to the mother rather than the legal father; (3) Davis had a sexual relationship with Williams and also Charles Battle during the month in which J.S. was conceived. This ensuing appeal presents two assignments of error.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Assignment of error nos. 1 and 2 will be discussed together because the issues presented are intertwined. First, DOSS contends *9 the trial court erred by not ordering the alleged biological father to submit to a blood test to determine paternity.
By the second assignment of error, DOSS contends that the trial court erred when it failed to recognize the concept of "dual paternity" and that a biological father is obligated to provide support for his child notwithstanding the child was conceived or born during the mother's marriage to another person, and thus the legitimate child of that person. We agree with both assignments of error.
The Louisiana Supreme Court, In the Interest of the Minor Child, J.M., 590 So.2d 565 (La.1991) held that in cases in which paternity is contested and a party to the action refuses to voluntarily undergo a blood test, a show cause hearing must be held in which the court can determine whether there is sufficient evidence to establish a prima facie case which warrants the issuance of a court order for blood testing. Also, the moving party must show that there is a reasonable possibility of paternity.
The concept of dual paternity was introduced to Louisiana in Warren v. Richard, 296 So.2d 813 (La.1974). Dual paternity allows a child to seek support from his biological father notwithstanding that he was conceived or born during the mother's marriage to another man, and therefore presumed to be the legitimate child of the marriage. LSA-C.C. Art. 184;[1]Griffin v. Succession of Branch, 479 So.2d 324 (La. 1985); Malek v. Yekani-Fard, 422 So.2d 1151, 1154 (La.1982). See also, State in Interest of Lawrence v. Harrell, 582 So.2d 940 (La.App. 2d Cir.1991).
Recently, the Louisiana Supreme Court discussed the dual paternity issue in Smith v. Cole, 553 So.2d 847 (La.1989). In Smith, the court recognized that the presumption of LSA-C.C. Art. 184 was not intended to shield biological fathers from their support obligations. The court further noted that the biological father does not escape his support obligations merely because others may share with him the responsibility.
In the instant case, the record established that: (1) Davis' husband was named as the child's father on the birth certificate; (2) Davis testified that she engaged in sexual intercourse with Williams more than ten times; (3) she had sex more often with Williams although she admits to having sex with Charles Battle during the time she became pregnant with J.S.; (4) Davis testified that the child looks just like Williams; (5) Davis specifically denied having sexual intercourse with her estranged husband, Terry Smith, from whom she separated in October 1988 and divorced in July 1990; (6) Williams admitted that he engaged in sexual intercourse with Davis on two occasions; and (7) Jackson corroborated Davis' testimony that Williams and Davis had an ongoing relationship during the period Davis got pregnant with J.S.
Based on the record, we conclude that DOSS proved that there is a reasonable possibility of Williams' paternity and that the trial court erred in ruling that DOSS failed to establish a prima facie case which warrants the issuance of a court order for blood testing to determine paternity.
Furthermore, notwithstanding the fact that a child is the legitimate child of another under the law, under the concept of dual paternity, a biological father is obligated to provide support for his child. The child may seek filiation and support from her biological father.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and vacated. Defendant, Lawrence Williams, Jr., is ordered to submit himself to blood testing for the determination of paternity pursuant to LSA-R.S. 9:396, et seq. All costs here and below, are to be borne by defendant-appellee.
REVERSED AND VACATED.
NOTES
[1] LSA-C.C. Art. 184 provides the husband is presumed to be the father of all children born or conceived during the marriage.