840 So.2d 582 (2003)
Ginger BAILEY, et al.
v.
Dr. Gregory KHOURY, et al.
Ginger Bailey, et al.
v.
Dr. Gregory Khoury, et al.
Nos. 2002-C-0049, 2002-C-0236.
Court of Appeal of Louisiana, Fourth Circuit.
August 28, 2002.
*583 Martin L. Broussard, Jr., Kevin K. Gipson, Broussard and Associates, New Orleans, LA, for Plaintiffs.
Deborah I. Schroeder, Mang, Batiza, Gaudin, Godofsky & Penzato, Metairie, LA, for Dr. Robert Ancira.
Edward J. Rice, Jr., Arthur F. Hickham, Jr., Adams and Reese L.L.P., New Orleans, LA, for Dr. Gregory Khoury.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge JOAN BERNARD ARMSTRONG and Judge JAMES F. McKAY, III).
JOAN BERNARD ARMSTRONG, Judge.
These consolidated writ applications are granted.
Ginger Bailey was prescribed medication and, while taking that medication, she became pregnant. As a result of her taking the medication while pregnant, her child was born with birth defects. Ms. Bailey sued defendants, Dr. Ancira and Dr. Khoury, on her own behalf and on behalf of the child, and alleges that the defendants failed to warn her of the risks of becoming pregnant while taking the prescribed medication. The defendants deny that, however, the issue before us is not the merits, but prescription.
The child was born on March 20, 1998. Ms Bailey's action was begun March 16, 1999. Thus, the action was begun within one year of the birth. However, it is uncontested that, no later than October 28, 1997, Ms. Bailey was told by a doctor that her unborn child had birth defects and that the birth defects were due to her taking the prescribed medication while pregnant.
Prescription on a medical malpractice action begins to run when the plaintiff has "sufficient information to excite [her] attention and prompt further inquiry into a possible medical malpractice action". In re Medical Review Panel For the Claim of Derek Dede, 98-2248 (La. App. 4 Cir. 12/02/98), 729 So.2d 603, 608, writ denied, 99-0531 (La.4/9/99), 740 So.2d 634. Further, in the absence of a deliberate cover-up by the defendants (and none is alleged here), prescription begins to run on a medical malpractice action when the plaintiff "has knowledge of facts strongly suggestive that the untoward condition or result may be the result of improper treatment". Dede, 729 So.2d at 606. "It is not necessary that a lawyer or doctor tell the plaintiff that he or she has a medical malpractice claim before prescription begins to run [.]" Id.
By October 28, 1997, Ms. Bailey knew (a) that her unborn child had birth defects, (b) that those birth defects were the result of her taking the prescribed medication while pregnant, and (c) her own view or whether the defendants had warned her of the risks of taking the medication while pregnant. Thus, by October 28, 1997, Ms. Bailey had sufficient knowledge to start prescription running and she had one year from that date to begin a medical malpractice action on behalf of herself and her unborn child.
Ms. Bailey advances no argument as to why her own cause of action is not prescribed. However, as to the cause of action of her child, she argues that prescription *584 does not run against an unborn child and that, therefore, prescription began to run as to her child's cause of action at birth. However, this argument is foreclosed by existing law.
When an unborn child is injured as a result of a tort, prescription begins to run as in other cases and it is not suspended until the birth of the child. See Vicknair v. Hibernia Building Corp., 468 So.2d 695 (La.App. 4th Cir.), rev'd on other grounds, 479 So.2d 904 (La.1985) (cited with approval in Wartelle v. Women's and Children's Hospital, Inc., 97-0744 (La.12/02/97), 704 So.2d 778, 781 n. 6). See also La. Civ. Code arts. 3467, 3468. The fact that Ms. Bailey's child was not yet born did not prevent Ms. Bailey from bringing an action on behalf of the child. Malek v. Yekani-Fard, 422 So.2d 1151 (La.1982). See also La. Civ. Code arts. 26, 27. In determining when prescription begins to run on a medical malpractice claim of a minor child, the knowledge of the parent is determinative. See Dede, supra.
Ms. Bailey cites Wartelle for the proposition that she could not bring an action on behalf of her child until the child was born. However, Wartelle addressed the second sentence of Article 26 of the Civil Code, which deals with situations in which a child is born dead. Specifically, the second sentence of Article 26 states: "If a child is born dead, it shall be considered never to have existed as a person, except for purposes of actions resulting from wrongful death." The Wartelle court held that, in the case of a child born dead, there could be a wrongful death action, but not a survival action. Wartelle's holding is not applicable to the present case because Ms. Bailey's child was not born dead.
Ms. Bailey's argument seems to be that, under Wartelle, she had to wait to see if her child was born alive before bringing an action on behalf of the child. However, we note that Malek expressly held that a parent could bring an action on behalf of an unborn child prior to birth. Wartelle and Article 26 provide that, if a child is born dead, then the child's cause of action is extinguished (although there may be a wrongful death action by the parent). Considering Malek, Wartelle and Article 26 together, it is apparent that, if an action is brought on behalf of an unborn child, and then the child is born dead, then the action brought on behalf of the child would simply be dismissed. Thus, a parent can bring an action on behalf of an unborn child without waiting to see if the child is born alive.
For the foregoing reasons, the exceptions of prescription of Dr. Ancira and Dr. Khoury are maintained and the plaintiff's claims are dismissed.
EXCEPTION MAINTAINED; CASE DISMISSED.
McKAY, J., dissents with reasons.
McKAY, J., dissenting with reasons.
When does prescription begin to run in an action brought by or on behalf of a plaintiff seeking recovery for prenatal injuries?[1] Is it from the moment that the injurious conduct occurs or is it from the moment of the child's subsequent birth? If we look to Louisiana Civil Code article 26, the answer appears to be from the moment of the child's birth. If the child had not been born alive, legally it would have been considered never to have existed (except for purposes of actions arising from its wrongful death). The date of birth argument was also implicitly recognized by the defendants when they filed not only and exception of prescription but *585 also an exception of lack of procedural capacity. Accordingly, I respectfully dissent from the majority's decision to grant this writ and would affirm the trial court's denial of the exception of prescription.
NOTES
[1] See Vicknair v. Hibernia Building Corp., 468 So. 2d 695 (La. App. 4 Cir. 1985).