868 So.2d 821 (2004)
Ginger BAILEY, et al.
v.
Dr. Gregory KHOURY, et al.
Ginger Bailey, et al.
v.
Dr. Gregory Khoury, et al.
Nos. 2002-C-0049, 2002-C-0236.
Court of Appeal of Louisiana, Fourth Circuit.
February 18, 2004.
*822 Martin L. Broussard, Jr., Kevin K. Gipson, Broussard and Associates, New Orleans, LA, for Plaintiffs.
Deborah I. Schroeder, Mang, Batiza, Gaudin, Godofsky & Penzato, Metairie, LA, for Defendant, Dr. Robert Ancira.
Edward J. Rice, Jr., Arthur F. Hickham, Jr., Adams and Reese L.L.P., New Orleans, LA, for Defendant, Dr. Gregory Khoury.
Jack E. Truitt, Nancy N. Butcher, The Truitt Law Firm L.L.C., Madisonville, LA, for Defendant, Walgreen Louisiana Co., Inc.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD, Judge MOON LANDRIEU Pro Tempore).

(ON REMAND FROM THE SUPREME COURT)
JAMES F. McKAY, III, Judge.
In August of 1997, Ginger Bailey learned that she was pregnant. A nurse at the New Orleans Mental Health Center advised Ms. Bailey to discontinue all medications and to contact her obstetrician. On September 25, 1997, Dr. Grundmeyer, an obstetrician, confirmed that Ms. Bailey was pregnant and advised her that her unborn child would likely have birth defects. An ultrasound on October 28, 1997 confirmed his opinion that the unborn child had birth defects. Later in Ms. Bailey's pregnancy, Dr. Khoury ordered her to resume taking the Depakote drug. On March 20,1998, Jada Bailey was born with spina bifida. Jada received medical treatment from Dr. Thomas at Children's Hospital of New Orleans, who informed Ms. Bailey that Jada's condition had been caused by her use of the drug Depakote during her pregnancy. Ms. Bailey filed her medical malpractice claims, individually and on behalf of her minor child, Jada Nacaya Bailey, on March 16, 1999.
Several defendants, Dr. Gregory Khoury, Dr. Robert Ancira, and Walgreen Louisiana Co., Inc., in these medical malpractice cases filed exceptions of prescription, which the trial courts denied. *823 These defendants then applied to this Court for supervisory writs. Two of the three judges on the panel agreed with the defendants' position while one judge dissented. However, this Court failed to direct that the case be reargued before a five-judge panel as required by La. Const. Art V, § 8(B). The Supreme Court then vacated and set aside the judgment of this Court, and remanded the case for reargument before a five-judge panel.
The issue before this Court is whether the trial courts erred in denying the defendants', Dr. Gregory Khoury, Dr. Robert Ancira and Walgreen Louisiana Co., Inc., exceptions of prescription.
When does prescription begin to run in an action brought by or on behalf of a plaintiff seeking recovery for prenatal injuries? Is it from the moment that the injurious conduct occurs, the moment the parent has knowledge of the potential damages, or is it from moment of the child's subsequent birth? If we look to Louisiana Civil Code Article 26, the answer appears to be from the moment of the child's birth. If the child had not been born alive, procedurally it would have been considered never to have existed.[1] However, the child's parents would be able to bring an action arising from the child's wrongful death.
According to Louisiana law, there are two kinds of persons: natural and juridical. See La. Civ.Code art. 24. "Natural personality commences from the moment of live birth and terminates at death." La. Civ.Code art. 25. "All natural persons enjoy general legal capacity to have rights and duties." La. Civ.Code art. 27. Louisiana Civil Code Article 26 goes on to say: "An unborn child shall be considered as a natural person for whatever relates to its interests from the moment of conception. If the child is born dead, it shall be considered never to have existed as a person, except for purposes of actions resulting from its wrongful death." Furthermore, "our jurisprudence has recognized that the fetus can acquire a cause of action in utero contemporaneous with its tortious injury. However, the cause of action can be pursued only if the fetus is subsequently born alive." Wartelle v. Women's and Children's Hospital, Inc., 97-0744 (La.12/2/97), 704 So.2d 778.
Jada Nacaya Bailey is a natural person. Therefore, she enjoys the general legal capacity to have rights and duties. Although Jada has been considered a natural person from the moment of her conception and was able to acquire a cause of action while she was in utero, she would not be able to pursue this action until she was born. Logic, therefore, dictates that any cause of action that may be brought on her behalf for injuries she suffered in utero would not prescribe until one year from the date of her birth.
For the above and foregoing reasons, these writs are denied and the trial courts' judgments are affirmed.
WRITS DENIED; JUDGMENTS AFFIRMED
ARMSTRONG, C.J., Dissents.
LANDRIEU, Judge Pro Tempore, Concurs with Reasons.
ARMSTRONG, C.J., Dissents.
I respectfully dissent.
It appears to be indisputable, based upon the deposition of Ginger Bailey, that no later than October 28, 1997, she had "sufficient information to excite [her] attention and prompt further inquiry into a *824 possible medical malpractice action". In re Medical Review Panel For the Claim of Derek Dede, 98-2248 (La.App. 4 Cir. 12/02/98), 729 So.2d 603, 608, writ denied, 99-0531 (La.4/9/99), 740 So.2d 634. In determining when prescription begins to run on a medical malpractice claim of a minor child, the knowledge of the parent is determinative. See Dede, supra. The Supreme Court has held that a parent may bring an action on behalf of a child before the birth of a child. Malek v. Yekani-Fard, 422 So.2d 1151 (La.1982). Thus, as of October 28, 1997, Ginger Bailey had both the knowledge sufficient to start prescription running and the legal ability to file suit on behalf of her then-unborn child.
The Civil Code provides: "All natural persons enjoy general legal capacity to have rights and duties." La. Civ.Code art. 27 (emphasis added). "An unborn child shall be considered as a natural person for whatever relates to its interests from the moment of conception. If the child is born dead, it shall be considered never to have existed as a person, except for purposes of actions resulting from its wrongful death." La. Civ.Code art. 26 (emphasis added). "Prescription runs against all persons unless exception is established by legislation." La. Civil Code art. 3467 (emphasis added). "Prescription runs against absent persons and incompetents, including minors and interdicts, unless exception is established by legislation." La. Civ.Code art. 3468 (emphasis added). Thus, Ginger Bailey's unborn child had the right to bring suit (through her mother), see Cushing v. Time Saver Stores, Inc., 552 So.2d 730, 732 (La.App. 1st Cir.1989), and prescription began to run as to that right, as of October 28, 1997.
The second sentence of Article 26 applies only to children "born dead" and so is inapplicable to the present case. In contrast, in Wartelle v. Women's and Children's Hospital, Inc., 97-0744 (La.12/2/97), 704 So.2d 778, 780-81, the child was born dead, so the second sentence of Article 26 was applicable. The Wartelle court did not hold that an action on behalf of an unborn child cannot be brought until the child is born. Such a holding would have directly contradicted Malek and, in any case, the issue was not present in Wartelle.
Lastly, if Ginger Bailey had filed suit on behalf of her unborn child prior to the child's birth, and then the child had been born dead, the action would simply have been dismissed (except for a possible wrongful death action). Also, of course, there will always be less than one year between a prenatal injury and the birth of the child, so there will always be an opportunity to bring suit after birth but before prescription runs.
LANDRIEU, Judge Pro Tempore, Concurs with Reasons.
Article 26 of the Louisiana Civil Code provides that an unborn child shall be considered a natural person for whatever relates to its interests from the moment of conception. It was clearly enacted to protect unborn children and not to disadvantage them.
La. C.C. art. 25 states that natural personality commences from the moment of live birth. Hence, it would appear that it is at that moment that minority begins, and it is at 18 years of age that it ends.
La. C.C. art. 3468 emphasizes that prescription runs even against minors except where there is legislative exception, but it does not mention unborn children. There are various exceptions to prescription in the case of minors. See C.C. arts. 3492 and 3496.1. However, there are no exceptions provided for unborn children unless an unborn child is considered to be a minor. That, of course, would require a strained and uncommon use of the term.
*825 It seems quite clear that the legislature did not consider the unborn child when it addressed prescription or the exceptions to it.
Article 4 of the Civil Code states: "When no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. To decide equitably, resort is made to justice, reason, and prevailing usages."
To interpret these articles contrary to the interest of the unborn child does immense damage to the child. To interpret them contrary to the interest of the defendant does not in any way prejudice their ability to defend their claims.
Equity argues persuasively in favor of permitting the child to sue within one year from the date of birth.
NOTES
[1] The date of birth argument was implicitly recognized by the defendants when they filed not only an exception of prescription but also an exception of lack of procedural capacity.